Points decided.

[Filed January 15, 1889.]

JAMES F. BEWLEY, RESPONDENT, v. T. N. GRAVES, APPELLANT.

MOTION TO STRIKE OUT — ASSIGNMENTS OF ERROR — EVIDENCE. — Where a separate defense was stricken out in the court below, and the notice of appeal fails to assign such action of the court as error, such ruling will not be reviewed on appeal, although the appellant offered evidence tending to sustain such separate defense, and excepted when the same was excluded, and assigned said last-named ruling as error in his notice of appeal.

SEPARATE DEFENSE — EVIDENCE. — After a separate defense has been stricken out, it is not error in the court below to exclude all evidence tending to support the same. If the court erroneously struck out a proper defense, the party injured must secure a reversal of such ruling before he can complain that his evidence was improperly excluded.

PLEADINGS — ERRONEOUS RULING UPON. — An alleged error in the court below upon a question of pleading cannot be reviewed or corrected on an assignment of error as to the exclusion of evidence.

COUNTY ROAD — PETITION FOR — "HOUSEHOLDERS." — Section 4062, Hill's Code, does not require that a petition for the location of a county road should declare upon its face that those who sign it are *householders*. It must be *signed* by twelve or more householders, and the fact that it is so signed may be proven by any competent evidence. Such petition is good if it specify the place of beginning, the intermediate points, if any, and the place of termination of said road.

COUNTY COURT — JURISDICTION. — A county court acquires jurisdiction to lay out a county road by the presentation of a petition containing the statutory requisites, signed by twelve or more qualified petitioners, accompanied by a proper notice and proof that the same had been stuck up as required by law.

NAMES ON PETITION AND NOTICE — VARIANCE. — An immaterial variance between the names on the petition and notice is not a jurisdictional defect, and will not render the proceedings void.

COUNTY COURTS — WHEN COURTS OF LIMITED AND INFERIOR JURISDICTION. — When county courts exercise the power conferred by statute to lay out county roads, they are courts of limited and inferior jurisdiction.

COUNTY COURTS — INTENDMENTS AS TO JURISDICTION. — When the fact of jurisdiction is shown, courts of limited and inferior jurisdiction have the same intendment in favor of their proceedings that the courts of general jurisdiction have.

CASE DISTINGUISHED. — The case of *Northern Pacific Terminal Co.* v. *City of Portland*, 14 Or. 24, distinguished.

APPEAL from Yamhill County.

*George H. Durham, H. Y. Thompson,* and *W. L. Brad-shaw,* for Respondent.

*McCain & Hurley,* for Appellant.

STRAHAN, J. — This is an action to recover damages for an alleged trespass committed by the defendant upon the plaintiff's real property in Yamhill County. The complaint charges a wrongful and forcible entry in the months of April and November, 1886, and the breaking down and destruction of the plaintiff's fence, to their damage in the sum of $1,880. The answer put in issue all of the material allegations of the complaint, and then, as a further and separate defense, alleges that a certain county road existed on the plaintiff's said land at the place of said alleged entry, and that the fence mentioned was erected and constructed in and across said county road, in such a manner as to obstruct the same, and that at the time of said alleged entry the appellant was road supervisor of the road district where said obstruction was placed, and pursuant to an order of the county court of said county, and as such supervisor, removed said fence from said road, doing no more damage than was necessary in effecting said removal. Another separate defense pleaded in the answer alleged, in substance, that on the eleventh day of March, 1886, the respondents began an action at law against the appellant in the circuit court of Yamhill County, to recover the sum of $250, damages to the same premises described in the complaint herein, and for injury to the fences and the crops thereon growing on the fifth day of November, 1885, and being the crop in the said complaint first named; that in said complaint in said action it was alleged, in substance, that this defendant had wrongfully thrown down and removed a certain fence of the plaintiff on said premises, on the fifth day of

November, 1885, and that thereby the said crop was exposed to destruction, and that said crop and premises were damaged in the sum of $250.

The defendant filed his answer in said action, admitting the removal of the fence, and alleging further, in substance, that the county court of Yamhill County, Oregon, did, on the tenth day of September, 1885, duly establish a county road upon the plaintiff's said premises at the place of said alleged entry, and caused the survey and plat thereof to be duly recorded, and that the same thereupon became and was a county road and public highway, and that said fence was in said county road, and an obstruction thereto; that defendant was road supervisor of district No. 42, in which said road was situated, and as such removed the said fence. These allegations were denied by the reply; that on the twenty-sixth day of March, 1886, the said cause came on to be tried upon said issues before a jury, and the same was duly tried before said jury, and on the twenty-sixth day of March, 1886, said jury duly returned into court a verdict in favor of this defendant, and said court thereupon duly rendered a judgment in said action in favor of this defendant for his costs and disbursements; that the county road referred to in the answer, in the action last above referred to, is the same county road which is first above referred to in this answer, and the fence referred to in the complaint in this cause was removed from the same county road on the same premises, and in the same place, and the issues tried in said action were the same issues, as to the location, existence, validity, and legality of the above-named county road, that are to be tried in this action, by reason whereof the plaintiff is barred and estopped to deny the location, existence, and legality of the above-described county road.

Another separate defense alleged, in substance: "That

pending the proceedings to establish said county road, the plaintiff had presented to said county court his written, verified claim for damages, or complaint setting forth such proceedings, and alleging that said proposed road ran for the distance of more than a mile over the said premises of said plaintiff, and that by the establishment of said road the said plaintiff would be and was damaged in the sum of $250, and prayed said court for the appointment of viewers or commissioners to assess such damages; that thereupon, on the eleventh day of July, 1885, the said court duly appointed three disinterested householders of said county such viewers or commissioners, who, after being duly sworn, proceeded to view, assess, and determine how much less valuable the said premises were or would be rendered by the establishment and opening of said road; and did assess, determine, and report to said court that said premises would not be rendered less valuable or be damaged in any sum by the establishment and opening of said road, which report was thereafter duly confirmed by said court." The answer further alleged that on the twenty-eighth day of September, 1885, said plaintiff Bewley duly appealed to the circuit court of said county from such report; on the trial of said appeal the jury found a verdict for the said plaintiff Bewley in the sum of $47.37; that on the twenty-sixth day of March, 1886, judgment of said court was duly rendered on said verdict in favor of plaintiff Bewley, and against Yamhill County, for said sum of $47.37 and costs of said appeal, which said sum was thereafter duly paid by said county to the plaintiff Bewley, and by him duly received; that said county road, for the location of which plaintiff claimed damages through his lands, is the same county road first described in this answer, by reason of all of which plaintiff is estopped from denying the existence and validity of said county road.

On motion of the plaintiff the court struck out the second and third separate defenses, being all of the new matter contained in the answer except the first separate defense, to which the defendant excepted. The reply put in issue the remaining new matter in the answer, except it admitted that at the time alleged the defendant was road supervisor of said road district. The plaintiff had judgment, from which this appeal is taken. The following are the grounds of error which appellant assigns in his notice of appeal upon which he intends to rely in this court:—

1. Said circuit court erred in sustaining plaintiff's objections to the introduction by the defendant as evidence, and in excluding from the jury, the report of viewers and surveyor, and the field-notes and plat of the county road (survey No. 288) named in the answer, copies of which are annexed to the bill of exceptions, and exhibits Nos. 1 to 16 inclusive.

2. The said circuit court erred in sustaining plaintiff's objections and in excluding from the jury, when offered in evidence, the petition or claim of James F. Bewley for damages in said road proceeding, the order of county court appointing viewers to assess damages, and the report of the viewers thereon, the notice of appeal, the verdict of the jury, and the judgment of the court thereon, copies of all of which are attached to the bill of exceptions.

3. The said circuit court erred in sustaining plaintiff's objections to, and in excluding from the jury when offered in evidence by the defendant, the final order of the county court establishing said county road (survey No. 288), and ordering the plat, survey, and field-notes thereof to be recorded, and directing the supervisor to open the road.

4. The said circuit court erred in sustaining plaintiff's objections to, and in excluding from the jury when offered in evidence by the defendant, the judgment roll and judg-

ment entry, verdict of the jury, and written instructions of the court to the jury in the case of James F. Bewley, plaintiff, against T. N. Graves, defendant, which case was begun in the circuit court of the state of Oregon for Yamhill County, on the twenty-seventh day of March, 1886, copies of which are attached to the bill of exceptions.

5. The said circuit court erred in sustaining plaintiff's objections to, and in refusing to allow the defendant, Thomas N. Graves, while on the stand as a witness, to answer the question propounded by defendant's counsel, as to whether or not the fence alleged by plaintiff in his complaint to have been thrown down by the defendant was in said county road, and an obstruction to the same; and also whether or not the defendant had thrown it down at the same place in said road where he had thrown it down, as mentioned in the former action between the same parties.

1. Before proceeding to a more particular examination of these assignments of error, it is proper to notice the fact that this notice of appeal contains no assignments of error upon the ruling of the court striking out the second and third separate defenses pleaded by the defendant.

We cannot therefore examine those rulings on this appeal, or say whether or not the court erred in striking them out. Equally unavailing are the appellant's assignments of error in relation to the rulings of the court in excluding evidence which tended to sustain the second and third separate defenses which had been stricken out.

If those separate defenses were good, the court erred in striking them out, but after they had been stricken from the pleading it did not err in excluding from the jury all evidence in relation to the same; but we cannot re-examine here an alleged error in pleading or assignment of error in relation to the exclusion of evidence.

2. The remaining assignment of error mostly relied

upon by the appellant was the ruling of the court in ex-
cluding from the jury the record of the county court of
Yamhill County, whereby it is claimed by the appellant
that a county road was established on the plaintiff's land,
at the point which is alleged the defendant broke and
entered the plaintiff's close, and to that question our
attention will now be directed.

The main objection urged against the sufficiency of the
petition for the road is, that it is not stated therein that
the petitioners are householders.

Hill's Code, section 4062, sets out the requisites of
such a petition as follows: "All applications for laying out,
altering, or locating county roads shall be by petition to
the county court of the proper county, signed by at least
twelve householders of the county residing in the vicinity
where said road is to be laid out, altered, or located, which
petition shall specify the place of beginning, the inter-
mediate points, if any, and the place of termination of
said road."

While it would be convenient in practice to allege in
the petition the fact that the petitioners were household-
ers, just as it is alleged that these petitioners reside in the
vicinity of where this road is to be laid out, as well as the
fact that they are citizens of Yamhill County, we are not
prepared to say that such petition is a nullity because it
is omitted. The petition is good if it specify the place of
beginning, the intermediate points, if any, and the place
of termination of said road, and is signed by at least
twelve householders.

In *Humboldt County* v. *Dinsmore*, 75 Cal. 604, the su-
preme court of California gave a like construction to
section 2682 of the Political Code of that state, which is
similar to section 4062, *supra*. In disposing of the objec-
tion the court said: "It will be perceived at a glance that
the requirements of a proper petition under the statute

do not include an allegation that the signing petitioners are ten freeholders of the road district, and taxable therein for road purposes, wherein the proposed road is to be constructed. This was something, therefore, which the board had the jurisdiction to determine as a fact on the hearing of the matter, from the evidence before them, irrespective of the question as to what the petition may have averred. For this reason the first objection to the introduction of the petition is untenable."

But in addition to this, the record shows affirmatively that the court heard evidence on the question whether or not these petitioners were in fact householders, and found that they were. The record is not therefore silent. It speaks.

The petition describes the road as follows: "Beginning in the center of the Sheridan and Grande Ronde county road, at a point where said road crosses the west line of William Chapman's donation land claim, running thence south on the west line of said Chapman's land about one hundred rods to the southwest corner of said Chapman's land; thence continuing south on the west line of G. W. Berry's land, to the south boundary of Yamhill County, about eighty rods."

The notice substantially, and in every essential particular, follows the same description, and the same was accompanied by sufficient proof of publication. The names on the notice and petition are identical up to the sixteenth name, and then there seems to be some confusion and there appears a greater number of names on the petition than is shown by the notice.

Whatever might be the rule in a direct proceeding by review to annul the action of said county court in establishing the road because it exercised its function erroneously, it is clear that this variance as to the names is not a jurisdictional defect which renders the entire proceed-

ing void. Nor can we consider, nor is it necessary to determine, the respondent's objection to the admission of parol evidence tending to prove that said notice had been mutilated, and a part of the names which it originally contained had been torn off.

This petition, notice, and proof of posting are sufficient to give the county court of Yamhill County jurisdiction to locate and lay out the county road described in the petition.

Upon the argument here, various objections were taken to the subsequent proceedings in the county courts, not necessary now to notice, but we deem it proper to state the rule of law applicable in such case. It is settled by a line of uniform decisions in this state that the county courts, when they exercise the power of laying out roads, are courts of limited and inferior jurisdiction. (*Thompson* v. *Multnomah County*, 2 Or. 34; *Johns* v. *Marion County*, 4 Or. 46; *State* v. *Officer*, 4 Or. 180; *C. & G. Road Company* v. *Douglas County*, 5 Or. 280.) It is perhaps equally as well settled that when they exercise the power of ordering the sale of the real property of a decedent to pay debts, they are to be deemed courts of general and superior jurisdiction. (*Russell* v. *Lewis*, 3 Or. 380; *Tustin* v. *Gaunt*, 4 Or. 305; *Monastes* v. *Catlin*, 6 Or. 119.) The reason of this distinction is not obvious, especially when the powers in each instance are conferred by statute. But the discussion of that subject is not necessary to the decision of this case.

The county court of Yamhill County, then, being a court of limited jurisdiction in laying out and locating the road in question, are its proceedings void on account of any other matters alleged or apparent in its records after the proof of the sticking up of the notices? We think not. Some of its proceedings may be irregular, and possibly might have been subject to reversal upon a

direct proceeding for that purpose, but they are not nullities.   If the fact of jurisdiction is shown, courts of limited jurisdiction have the same intendments in favor of their proceedings that courts of general jurisdiction have. (*Tucker* v. *Harris*, 13 Ga. 1; *Cooper* v. *Sutherland*, 3 Iowa, 114.)   In the case last cited the authorities are collated, and they abundantly sustain the proposition, and it is therefore unnecessary to do more than refer to them.

Counsel for respondent rely very much on *Northern Pacific Terminal Co.* v. *City of Portland*, 14 Or. 24.   But it fails to sustain his contention, for two reasons.   The common council of the city of Portland cannot be said to be a *court* in any sense of that term, but it has certain specified and limited powers conferred upon it to lay out and widen streets, etc., which it may exercise by complying with the charter.

This case is clearly distinguishable from the principle suggested in *Northern Pacific Terminal Co.* v. *City of Portland*, 14 Or. 24.   This record is attacked collaterally, and if it needed any presumptions to sustain it against such an attack, we have already indicated what they are.   It was suggested upon the argument by respondent's counsel that the alleged trespass was not committed on the line of said road.   That is a question of fact which cannot be noticed here.   Upon a new trial it can be fully presented to the jury.

This view leads to the reversal of the judgment of the court below, to be followed by a new trial.