Decided at PENDLETON, 13 August, 1898.

### SWEEK *v.* JORGENSEN.

[54 Pac. 156]

1. COLLATERAL ATTACK — JURISDICTION.— An action for trespass on plaintiff's premises defended on the ground that defendant entered on an established public road by authority of the road supervisor is a collateral attack on the proceeding establishing the road, and the only question which can be considered is that of the jurisdiction of the county court in the establishment of the road : *Bewley* v. *Graves*, 17 Or. 174, applied.

2. HIGHWAYS—SUFFICIENCY OF NOTICE.—Notice that, at a session of the "county court for ——— county," a petition will be presented to "said court" to establish a road "within said county" along a certain line in H. county, sufficiently shows, as against collateral attack, that the petition is to be presented to the county court of H. county.

3. EVIDENCE OF POSTING NOTICES.—Posting of notices in three public places within the vicinity of a proposed road is sufficiently shown by affidavits designating the places where notices were posted, as a barn on the line of road, the barn of V. and a fence at the east end of the road, and a recital in the journal entry of the court appointing viewers that it appeared that the notice had been posted in "three of the most public places along the line of the proposed road": *Latimer* v. *Tillamook County*, 22 Or. 291, and *Cameron* v. *Wasco County*, 27 Or. 318, applied.

From Harney : MORTON D. CLIFFORD, Judge.

Action by C. A. Sweek against W. N. Jorgensen, but defendant has judgment.

AFFIRMED.

For appellant there was a brief over the names of *Jas. A. Fee* and *Thornton Williams*, with an oral argument by *Mr. Fee*.

For respondent there was a brief over the names of *Lionel R. Webster* and *John W. Biggs*, with an oral argument by *Mr. Webster*.

MR. JUSTICE WOLVERTON delivered the opinion of the court.

1. This is an action to recover damages for trespass upon certain premises of the plaintiff. The defendant justifies by showing that he entered upon an established public road running across said premises under the direction and by authority of the road supervisor, and removed certain fencing, for the purpose of opening such road to public travel, and this proceeding challenges the validity of its establishment. The attack is collateral in its nature, and hence our inquiry must necessarily be confined to the question of jurisdiction of the county court in the premises. *Bewley* v. *Graves*, 17 Or. 274, 20 Pac. 322.

2. Two reasons are urged why jurisdiction did not attach. One arises upon the form and sufficiency of the notice, and the other upon the sufficiency of the record to show that it was posted in three public places in the vicinity of the proposed road, as required by law. The notice is in the following form : " To All Persons Concerned : You, and each and all of you, will take notice that the undersigned householders for Harney County,

Oregon, residing in the vicinity where the hereinafter described road is proposed to be, will at the next session of the county court for ———— County, Oregon, towit, on Wednesday, the 4th day of November, A. D. 1896, respectfully present to said court a petition praying said court to lay out, alter, and establish a county road, within said county, on the following line or route, towit :   Beginning at the southeast corner of section seven, township twenty-three S., of R. 31 E., W. M., in Harney County, Oregon ; thence, due west one-half mile, along the line between sections seven and eighteen, township twenty-three, range thirty-one, to the southeast corner of the southwest fourth of section seven, township 23, R. 31 E., W. M.''

It is claimed that because of the blank appearing in the notice following the word '' for,'' and preceding the word '' county,'' there is no sufficient indication respecting the court to which it was intended to present the petition.   Just why the name of the county was not filled in, whether from oversight, clerical misprision, or other cause, does not appear, but, from an inspection of the notice, there can be no possible doubt touching the name intended to have been inserted.   The wording of the notice following the blank demonstrates the proposition. We quote again a portion of the notice : '' Will    *    *    * respectfully present to said court a petition praying said court to lay out, alter, and establish a county road, within said county, on the following line or route towit :   Beginning at the southeast corner of section seven, township twenty-three S., of R. 31 E., W. M., in Harney County, Oregon ; thence,'' etc.   Thus, it is apparent that the proposed road lies within the county in which the court was holden to which it was intended to present the petition, which was the County of Harney, as shown by the notice itself.   Such being the case, no one could have

been misled by the oversight or neglect to fill in the name of the County of Harney before posting, and we think the notice is legally sufficient when brought in question collaterally.

3.  As concerns the second contention, the affidavit of S. W. Miller shows that he posted notices, one " on the south side of the old stage barn on the line of the proposed road, and one at the court-house door in Burns, in said Harney County and State of Oregon " ; the affidavit of C. H. Voegtly that he posted one on his barn in Burns, Or. ; and that of J. W. Biggs, that he posted one "on a fence post at or near the east end of said proposed road " ; and the journal entry of the court appointing viewers contains the following recital :  "And it further appearing the notice of posting said petition at this time has been fully given, as required by law, for more than thirty days prior thereto, by posting notice thereof, duly signed by more than twelve of the lawful petitioners, in three of the most public places along the line of said proposed road, one of said notices tacked to C. H. Voegtly's barn, one of said notices tacked to a fence post at or near the east end of said proposed road, and one of said notices on the south side of the old stage barn on the line of the proposed road, and also by posting one of such notices for such period of time at the place of holding court."   This record is quite sufficient, by legal intendment, to show a posting in three public places within the vicinity of the proposed road, within the authority of *Latimer* v. *Tillamook County,* 22 Or. 291 ( 29 Pac. 734), and *Cameron* v. *Wasco County,* 27 Or. 318 (41 Pac. 160).

The distinction sought to be made touching the opinion in the Latimer case, that it was rendered solely with reference to the ambiguity produced by the use of the word

33 OR.— 18.

"terminus" instead of "termini" in the notice is untenable. It will be noticed that the affidavits in that case recited that the three notices were posted in public places in the vicinity of the proposed road, one each at the "terminus," which states a conclusion only, as it respects the public places of their posting. But the journal entry recites the posting of such notices, "all of which were in public places in the vicinity of said proposed road, and that these facts were made satisfactorily to appear to the court," thus indicating, in effect, that it is sufficient if it be made satisfactorily to appear to the court that the posting was in public places within the vicinity of the road by evidence at the hearing otherwise than by affidavit. So it was held "that the proofs on file, with the findings in the journal entry, sufficiently show that the court had acquired jurisdiction." The affidavits and journal entry in the case at bar show, with even greater particularity than in that case, the places of posting, and the entry recites that they were in the "most public places along the line of said proposed road"; so we have a much stronger case than was there presented. The judgment of the court below must therefore be affirmed.

AFFIRMED.

Decided at PENDLETON, 13 August, 1898.