Argued 22 June; decided 31 July, 1899.

## FRENCH - GLENN COMPANY *v.* HARNEY COUNTY.

[58 Pac. 35.]

1. HIGHWAYS—PROOF OF POSTING NOTICES.—A record of the establishment of a road sufficiently shows that the notices of the intention to petition for the opening of the road were posted the required length of time where it contains (1) an affidavit stating that a notice of the intention to petition for the opening of a road was posted more than thirty days before presentation of said petition, attached to which is a copy of the notice itself bearing a notation purporting to state the date when the notice was posted (such date being more than thirty days prior to the presentation of the petition), and (2) the order of the county court establishing the road, which recites that it appears from the proof filed that due notice of the proceeding has been given more than thirty days prior to the presentation of the petition: *Sweek* v. *Jorgensen*, 33 Or. 270, cited.

2. BOND NOT JURISDICTIONAL IN ROAD PROCEEDINGS.—The bond required by Hill's Ann. Laws, § 4074, providing that a bond be required by the court upon an application for a view or review of any proposed road, before issuing an order to the viewers, is not jurisdictional, and an irregularity in it will not invalidate the proceedings.

3. EFFECT OF DEFECTIVE RECORD—PRESUMPTION.—When a county court has acquired jurisdiction of a road proceeding by a valid petition, accompanied by proper notices and proof of their posting, the fact that the record does not show that all the subsequent requirements were complied with, as, for example, having the report of the viewers publicly read on two different days of the same meeting, will not invalidate the proceedings, as it will then be presumed that the court did everything necessary to the legality of its action: *Sime* v. *Spencer*, 30 Or. 340, applied.

From Harney: MORTON D. CLIFFORD, Judge.

Writ of review issued on petition of the French-Glenn Live Stock Company against Harney County and others. From a judgment dismissing the writ, petitioner appeals.
                                                    AFFIRMED.

For appellant there was a brief over the names of *William Lair Hill* and *C. A. Sweek*, with an oral argument by *Mr. Hill*.

For respondents there was a brief over the names of *Lionel R. Webster*, *Wm. Miller*, District Attorney, and *Geo. W. Hayes*, with an oral argument by *Messrs. Miller* and *Webster*.

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

This is an appeal from the judgment of the circuit court dismissing a proceeding by writ of review instituted to determine the sufficiency of another proceeding, whereby the County Court of Harney County, Oregon, ordered and directed the opening and establishing of a county road.

1. The first objection interposed goes to the proof of posting the notices. The affidavit of L. B. Springer makes a copy of such notices a part thereof, and shows that each of them was posted "more than thirty days previous to the presentation of said petition." It is insisted that this is a statement of a mere conclusion, and not of a fact or facts from which the court might determine that notice had been duly given; that it ought to have shown when the posting was done, either by direct statement or by reference to some other date, so that the court might make its own deduction as to the length of time the notices had been posted, and thereby determine whether the law had been complied with. We think, however, this objection is obviated when reference is had to the attached copy of the posted notice, which has become a part of the proof, taken in connection with the finding and order of the court establishing the road. At the bottom of the notice the following words and figures are written, "Posted October 2, 1897," which would seem to be indicative of the time of posting. The order of the court runs thus: "And it satisfactorily appearing to the court, from proof filed herein, that due and sufficient notice of the pendency of this proceeding has been given as by law required more than thirty days prior to the presentation of the pe-

tition praying for the establishment of said road, by post-
ing notices conspicuously at the terminal points of and
along the proposed line of said road, as well as on the
bulletin board on the front of the county court house in
Burns, Oregon, county seat of said Harney County."
Construing the record as a whole, it sufficiently appears
that the posting was made at a date more than thirty
days anterior to the time of the presentation of the peti-
tion : *Latimer* v. *Tillamook County*, 22 Or. 291 (29 Pac.
734) ; *Sweek* v. *Jorgensen*, 33 Or. 270 (54 Pac. 156).

2.    It is next objected that the bond given upon filing
the petition was executed by certain of petitioners with-
out any sufficient or approved surety, and, not being such
as the law contemplates, the court was without juris-
diction to establish the road.    The statute provides that,
upon application for a view or review of any proposed
road, the court shall, before issuing an order to the view-
ers, require a bond to be executed by one or more of the
petitioners, with surety sufficient, to be approved by the
court, in such sum as it shall direct, not exceeding $200,
conditioned that, if the prayer of the petitioners be not
granted, the person executing such bond will pay all costs
and expenses that may be incurred by reason of such view
or review :    Hill's Ann. Laws, § 4074.    The purpose of
the bond is the protection of the county against the costs
and expenses incurred, in case the court does not deem
it expedient to establish the road.    This requirement of
the statute is not jurisdictional in its character, nor is the
mode adopted the measure of the power of the county
court.    The slight irregularity complained of in the exe-
cution of the statutory bond will not, therefore, invalidate
the proceedings.

3.    Another objection has for its basis the fact that the
record does not show that the report of the viewers was
publicly read on two different days of the same meeting.

The court met January 5, 1898, and, the report being then read, it was ordered that the matter be continued until the next day.   Thereafter, on March 10, an order was entered establishing the road, but the record does not affirmatively show a second reading of the report.   The county court acquires jurisdiction to lay out and establish a county road through a valid petition, accompanied by proper notice and proof thereof :   *Bewley* v. *Graves*, 17 Or. 274 (20 Pac. 322).   The matter complained of is but an irregularity, and, the court having acquired jurisdiction, the record is supplied by intendment :   *Sime* v. *Spencer*, 30 Or. 340 (47 Pac. 919).   This disposes of all the questions presented at the argument, and affirms the judgment of the court below.                                          AFFIRMED.

<div align="center">

Decided 4 December, 1899.