Submitted on briefs November 22, decided November 30, 1909.

## JENSEN v. CURRY COUNTY.

[105 Pac. 96.]

HIGHWAYS—ALTERATION—NOTICE OF APPLICATION—WHO MUST SIGN—PETITIONERS.

1. The notice of an application to alter a highway must be signed by the petitioners for the alteration, and hence a finding of the county court that petitioners for the alteration of a highway were freeholders residing in the vicinity of the alteration was equivalent to a finding that the persons who signed the road notice were such.

HIGHWAYS—ALTERATION—JURISDICTION—ROAD NOTICE—NECESSITY.

2. Proper road notices by petitioners to alter a highway were conditions precedent to giving the county court jurisdiction to alter the highway, and the court has no jurisdiction to do so where it did not find that the subscribers to the notice resided in the road district where the road was to be laid out, as required by Laws 1903, p. 263, § 7.

HIGHWAYS—ALTERATION—PROCEEDINGS—REVIEW—WANT OF JURISDICTION—OBJECTIONS.

3. Where a defect appears at trial which deprives the court of jurisdiction, it must set aside the proceedings and purge the record of such defect, though the question is not formally raised by objection, and hence, where it appeared on writ of review to the county court that the court had failed to take proof and to find that the petition for an alteration of a road was signed by the proper number of residents of the road district, the reviewing court erred in dismissing the writ, on the ground that the petition for the writ did not allege that particular defect.

From Curry: JAMES W. HAMILTON, Judge.

Statement by MR. CHIEF JUSTICE MOORE.

This is a special proceeding instituted by Orlinna Jensen against Curry County to review the action of the county court thereof, in the matter of relocating a county road over the plaintiff's land.

The petition for a writ of review states that, in laying the highway across her premises, the county court exceeded its jurisdiction and erroneously exercised its functions to the injury of her substantial right. The petition having been filed and an undertaking given, the circuit court for that county made an order directing a writ of review to be issued, pursuant to which copies of papers relating to the matter of establishing such road were sent up to the latter court. At a trial therein it was found that the county court had committed no error "as

in said petition alleged," whereupon the proceedings were dismissed, and the plaintiff appeals.          REVERSED.

For appellant there was a brief over the names of *Mr. J. Huntley* and *Mr. William M. Kaiser.*

For respondent there was a brief over the name of *Mr. George M. Brown,* District Attorney.

Opinion by MR. CHIEF JUSTICE MOORE.

1. A copy of the road notice, dated July 30, 1906, and subscribed by 48 persons, is, so far as important herein, as follows:

"Notice is hereby given that the undersigned citizens of Curry County, Oregon, and freeholders residing in the vicinity of the road hereinafter mentioned, will at the next regular term of the county court of said county, make application to alter that certain part of the public road leading from Port Orford in said county, to Dairyville, in said county, as follows: Beginning," etc.

No affidavit was made tending to show the qualifications of the persons who had appended their signatures to the notice. An order appointing road viewers was made by the county court September 5, 1906, containing *inter alia,* the following finding:

"And it appearing to the satisfaction of the court that said petitioners are freeholders living along and in the vicinity of said proposed change or alteration of said road, and said petition being accompanied by proof of advertisement posted at the place of holding county court and also in three public and conspicuous places along and in the vicinity of said road, or proposed road, thirty days prior to the presentation of said petition, notifying all parties concerned that said petition would be presented at this term of court."

The statute, prescribing the qualifications of petitioners, contains a clause as follows:

"All applications for laying out, altering or vacating county roads, or for the purpose of restoring monuments

or straightening county roads, shall be by petition to the county court of the proper county, signed by at least twelve freeholders of the county residing in the road district or districts where said road is to be laid out, altered, located, straightened or restored." Laws 1903, p. 263, § 7.

The county court did not make any finding respecting the qualifications of these subscribers; but, as such persons were necessarily the petitioners for the alteration of the highway (*Minard* v. *Douglas County,* 9 Or. 206; *King* v. *Benton County,* 10 Or. 512), the decision of that court upon the question of fact, as stated in the order appointing the road viewers, is equivalent to a finding that the persons who subscribed to the road notice resided in the vicinity of the proposed alteration.

2. Admitting that such declaration is true, the record does not show that the county court determined that any of the subscribers resided in the road district or districts where the proposed road was to be laid out, as required by statute. Proper road notices and the required publication and proof thereof were conditions precedent to securing jurisdiction to establish the highway, and, as the record certified up to this court fails in the respect mentioned, the county court was powerless to make a valid order in the premises.

3. The failure to take proof and to make a finding that the petition was "signed by at least twelve freeholders of the county residing in the road district or districts where said road is to be laid out" is not assigned as error in the application for the writ of review, and for that reason the circuit court correctly stated that no error had been committed by the county court "as in said petition alleged." In *Rynearson* v. *Union County,* 54 Or. 181 (102 Pac. 785), in speaking of the sufficiency of a petition for a writ of review, it is said:

"When at the trial of a cause attention is called to a lack of jurisdiction, the duty devolves upon the court to set aside the proceedings and to purge the record of

informalities, though the defect has not been challenged in a formal way."

The rule thus announced necessitates a reversal of the judgment, and the cause is remanded, with directions to set aside the proceedings of the county court in the matter of the attempted relocation of the county road.

REVERSED.