Argued March 31, reversed April 14, 1914.

## McMILLAN v. MASON.

(140 Pac. 446.)

**Highways—Establishment—Statutory Proceedings—Proof of Posting Notices.**

1. Under Section 6280, L. O. L., directing that when any petition is presented for laying out a county road, it shall be accompanied by satisfactory proof that notice has been given by advertisement posted at the place of holding the County Court, and also in three places in the vicinity of the proposed road, an affidavit stating that the road notices were posted in public places, specifying them, but not asserting that either notice was in the vicinity of the proposed road, followed by a finding by the County Court that the petition was accompanied by proof satisfactory to the court that notice had been given by advertisement in the manner provided by law by posting a notice at the place of holding County Court, and also at three public places in the vicinity of the proposed road, is insufficient to sustain the proceeding.

**Highways—Establishment—Statutory Proceedings—Report of Viewers.**

2. Under Section 6284, L. O. L., as amended by Laws of 1911, Chapter 212, prescribing the duties of boards of county road viewers, though not expressly declaring when the reports of such boards shall be filed, and Section 6290, giving an appeal from the assessment to the County Court at its next regular term, and from its decision to the Circuit Court, it is incumbent on a board to file its report before the commencement of the term of the County Court next after its appointment, and a report filed March 5, 1913, by a board appointed December 7, 1911, in Tillamook County, the terms of whose County Court are set, by Section 2391, L. O. L., as amended by Laws of 1911, Chapter 37, on the first Wednesday of each month, will be set aside.

From Tillamook: Webster Holmes, Judge.

Department 1.   Statement by Mr. Justice Moore.

This is a special proceeding by N. McMillan to review the action of the County Court of Tillamook County in the matter of locating a county road across the premises of the plaintiff and not allowing him any damages caused thereby. A writ of review was issued by order of the Circuit Court for that county, and directed to the defendants, Homer Mason as county judge, and George R. Edner and Herman Farmer, as county commissioners of that county, con-

stituting the County Court thereof, and in obedience to such command the proceedings relating to the undertaking to establish the highway were certified and sent up. The trial court considering the matters dismissed the writ, and the plaintiff appeals.            REVERSED.

For appellant there was a brief and an oral argument by *Mr. Sidney S. Johnson.*

For respondents there was a brief over the names of *Mr. M. J. Gersoni* and *Mr. Donald H. Uphohn,* District Attorney, with an oral argument by *Mr. Gersoni.*

MR. JUSTICE MOORE delivered the opinion of the court.

The transcript shows that on December 7, 1911, the plaintiff and 35 others, who are designated as freeholders residing in the road district where the public highway was to be laid, petitioned the County Court of Tillamook County to locate a county road described as follows:

"Commencing at a point 30 feet south of the S. W. corner of block 5 in Garibaldi, said point being in section 21 T. 1. N., R. 10 W., W. M., as shown on the records of the county clerk of Tillamook County, and running thence in a northwesterly and northeasterly direction, parallel to the right of way of the P. R. & N. Ry. as nearly as possible, using streets of the towns as now platted along the proposed route of said road where possible, and terminating 20 feet north of the N. W. corner of block 23 in Wheeler, said point being in section 2, T. 2 N., R. 10 W., W. M., as shown in the records aforesaid."

The petition was accompanied by an affidavit, which reads:

"State of Oregon,

County of Tillamook—ss.:

"I, F. L. Sappington, being first duly sworn on oath say, that I posted notices (a copy of which is hereto annexed) of the proposed road in the following public places to wit: On Union Fishery Dock at Wheeler, U. S. Post Office at Rockaway, Nelson Co.'s store in Garibaldi, Oregon, and one at the courthouse door in Tillamook City in said county and State of Oregon, thirty days prior to the presentation of petition herein, to wit: On the 26th day of October, 1911, and that all of said petitioners are householders residing in the vicinity of said proposed road in Tillamook County and State of Oregon.

"[Signed] F. L. Sappington."

And duly verified.

The notice thus referred to was in due form and properly subscribed by all the petitioners. At the time the petition was presented, the County Court made an order as follows:

"Now at this time this matter came on to be heard upon the petition of N. McMillan and others for a county road, described as follows [setting forth the proposed route and terminal as hereinbefore given]: And it appearing to the satisfaction of the court that the said petition is signed by more than 12 freeholders residing in the road district in which said proposed road is located, and the same being accompanied by proof satisfactory to the court that notice has been given by advertisement in manner provided by law by posting at the place of holding County Court, and also at three public places in the vicinity of said proposed road, more than 30 days previous to the presentation of said petition to the County Court, notifying all persons concerned that application would at this time be made to court for the laying out of such road, said notices each being duly signed by each of said petitioners; and the said petitioner having presented to the court his bond in the sum of $200, and said bond being found satisfactory, the same is ordered approved

by the court. It is further ordered that U. O. Jackson, county surveyor, and Fred Zaddach and F. M. Wakeley, duly qualified freeholders of this county, be and they are hereby appointed as the board of road viewers for the laying out of said road, and they are hereby ordered and directed to meet at the Wheeler mill on the 4th day of January, 1912, at 10 o'clock A. M. near the terminus of said road, or in case of their failure to meet on said day, then five days thereafter, and to survey and view and lay out said road, and to make due report of their proceedings to this court.''

The record of the County Court of March 7, 1913, shows that the report of the board of viewers, ''In the Matter of the Petition of N. McMillan and Others for a County Road known as Garibaldi-Wheeler Road,'' was read on that day and on the two preceding days, and it was ordered that the report be accepted and the county clerk was directed to record the plat, profile and field notes of the survey. The plaintiff on March 22, 1913, and prior to the next succeeding term of the County Clerk, filed with the clerk written objections to the report of the board of road viewers, giving a description of his land through which the line of the proposed highway was surveyed, stating the area of the premises undertaken to be appropriated thereby, and assenting that he would sustain damages in consequence thereof in the sum of $8,170. The County Court on April 5, 1913, rejected his claim, to review which action these proceedings were instituted and determined, as hereinbefore set forth.

1. It is contended by plaintiff's counsel that the proof of the posting of the road notices was insufficient in that it does not appear from the affidavit of Sappington that they were put up in the vicinity of the proposed road. The statute directs generally that when any petition is presented for laying out a county road it shall be accompanied by satisfactory proof that

notice has been given by advertisement, posted at the place of holding the County Court, and also in three public places in the vicinity of the proposed road: Section 6280, L. O. L. The affidavit referred to states that the road notices were posted in public places, specifying them, but it does not assert that either notice was put up in the vicinity of the proposed road. The County Court, however, found that the petition was "accompanied by proof satisfactory to the court that notice has been given by advertisement in the manner provided by law by posting of notice at the place of holding County Court, and also in three public places in the vicinity of said proposed road." This is not a decision upon a question of fact, but is a conclusion of law without the statements of any facts upon which to predicate such determination, so far as discoverable from an inspection of the order of the County Court.

In *Sweek* v. *Jorgensen*, 33 Or. 270 (54 Pac. 156), the affidavit of the posting of road notices failed to state that either was put up in a public place, except by inference with respect to one notice, which was posted on the county courthouse door. The order of the County Court in respect thereto was as follows:

"And it further appearing the notice of posting said petition at this time has been fully given, as required by law, for more than 30 days prior thereto, by posting notice thereof, duly signed by more than 12 of the lawful petitioners, in three of the most public places along the line of said proposed road, one of said notices tacked to C. H. Voegtly's barn, one of said notices tacked to a fence post at or near the east end of said proposed road, and one of said notices on the south side of the old stage barn on the line of the proposed road, and also by posting one of such notices for such period of time at the place of holding court."

In referring to the order quoted Mr. Justice WOL-VERTON, speaking for the court, says:

"This record is quite sufficient, by legal intendment, to show a posting in three public places within the vicinity of the proposed road."

Further in the opinion it is observed:

"But the journal entry recites the posting of such notices, 'all of which were in public places within the vicinity of said proposed road, and that these facts were made satisfactorily to appear to the court,' thus indicating, in effect, that it is sufficient if it be made satisfactorily to appear to the court that the posting was in public places within the vicinity of the road by evidence at the hearing otherwise than by affidavit."

In the case at bar it will be remembered that the County Court made no findings as to where the notices were posted, so that it must be inferred that no proof was offered other than Sappington's affidavit, which is insufficient in the particulars specified.

2. Section 6284, L. O. L., as amended February 23, 1911 (Laws Or. 1911, c. 212), including also Sections 6283–6288 of the compilation indicated, does not expressly declare when the report of the board of county viewers or the plats, etc., of the county surveyor shall be filed with the county clerk. That board is required, while viewing and laying out a county road, to assess and determine how much less valuable the premises are through which the road is surveyed and located, and set forth in the report the conclusion with respect to the estimate, and any person aggrieved at the determination may appeal from the assessment to the County Court at its next regular term, and from the decision of the County Court to the Circuit Court: Section 6290, L. O. L. It is believed that when this clause of the statute is construed in connection with Section 6284 thereof as amended, it is incumbent upon

the members of the county board of road viewers to make and file a report of their conclusion with respect to the advisability of establishing the county road petitioned for before the commencement of the term of the County Court immediately next after the term thereof when they were appointed. By doing so all persons interested in the proposed road or in the alteration of a public highway would have notice of the proceedings, and an opportunity to be heard in respect thereto. In the case at bar, though the viewers were appointed December 7, 1911, their report was not acted upon until March 5, 1913, when it was read for the first time.

The petition for the writ of review states that the report was subscribed by the board of county road viewers December 3, 1912, or 11 months and 26 days after their appointment, and that the report was returned to the County Court March 5, 1913. A term of the County Court for the transaction of the county business is required to be held in Tillamook County on the first Wednesday of each month: Section 2391, L. O. L., as amended February 10, 1911 (Laws 1911, c. 37). The road petitioned for herein probably does not much exceed ten miles in length, and why it should have required one year, three months, and one day to view and survey the proposed route and make and file a report thereof, including a plat and profile of the survey, and to secure an order establishing the highway, is not explained in any manner. As these reports were not filed prior to the first Wednesday in January, 1912, the next regular term of the County Court of that county after the appointment of the board of road viewers, a sense of fair dealing demands that these proceedings should be set aside in order that another petition may be filed, notice thereof be given,

proof given as required by law, and a review and re-survey of the proposed route be made.

The judgment will therefore be reversed and the cause remanded, with directions to set aside all proceedings undertaken to establish the county road.

REVERSED.

MR. JUSTICE EAKIN, MR. JUSTICE BURNETT and MR. JUSTICE RAMSEY concur.