Argued May 3, affirmed May 25, 1915.

# HEUEL v. WALLOWA COUNTY.

### (149 Pac. 77.)

**Statutes—Title—County Highways—Vacation.**

1.  Section 6279, L. O. L., authorizing the vacation of county roads and highways, is not repugnant to Article IV, Section 20, of the Constitution, providing that every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title, the title of Laws of 1903, page 262, of which Section 6279 is a re-enactment, being "to provide for the laying out, establishing, constructing, improving, and relocating of county roads, for the establishment of road districts, the appointment of supervisors," etc., since the title of an act need not express all matters connected with the subject and embodied in the enactment, so long as it is fairly an index to the proposed legislation.

**Statutes—Title—Amending Act—Constitutionality.**

2.  Section 6279, L. O. L., authorizing the vacation of county highways, a re-enactment of Laws of 1903, page 262, if repugnant to Article IV, Section 20, of the Constitution, providing that every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title, was cured by Laws of 1913, page 296, entitled "An act to amend Section 6279 of L. O. L., relating to petitions, for road dedication and acceptance," since thereby the whole of the section amended served as a title to the law of 1913.

[As to sufficiency of title of amendatory act, see note in 86 Am. St. Rep. 267.]

**Highways—Vacation—Statute.**

3.  Under Section 6279, L. O. L., providing for the vacation of county highways, and requiring that a petition for the laying out or vacating of such a highway shall specify the place of beginning, the intermediate points, and the place of termination, where the petition described the road to be vacated by name, and as beginning at its connection with another named road on a certain township line, 336 feet north of a certain corner of a subdivision of a given section in a given road district, thereafter giving the general direction of the highway, the sections over which it crossed, to where it connected with a specified public road, and there terminating, 40 rods west of a corner of a sectional subdivision, there was full compliance with the statute in respect to locating the road.

**Highways—Vacation—Review of Proceedings—Presumptions—Findings.**

4.  Under Section 605, L. O. L., providing that a writ of review shall be allowed where an inferior tribunal appears to have exercised its judicial functions erroneously, or to have exceeded its jurisdiction, to the injury of some substantial right of the plaintiff, where, on appeal from a decision of the Circuit Court dismissing such writ to re-examine the action of the County Court in vacating a highway, the

evidence which was before the County Court, as to the right of re-
monstrators to be counted as opposed to the vacation, was not
incorporated in the record, the Supreme Court could not presume that
the County Court erred in excluding them from consideration, as
opposed to the vacation, since, the County Court having jurisdiction
of the proceedings, the burden was on plaintiff seeking to have the
proceedings set aside on writ of review to show that it erred or ex-
ceeded its jurisdiction, and also that such error injured some sub-
stantial right of the plaintiff, as required by the statute.

Highways—Vacation—Notice to Remonstrators—Statutes.

5. Under Section 6288, L. O. L., requiring the County Court to
publicly read the report of the viewers, in proceedings to vacate a
highway, on two different days of the same term, and then to proceed
as indicated, where the petitioners filed a motion contesting the quali-
fications of certain signers of the remonstrance, it was not a pre-
requisite to a valid vacation that service of the motion be had upon
the remonstrators or their attorneys before hearing, since a proper
petition, accompanied by proof that the statutory notices have been
posted, fulfills the requirements of law as to service of process in such
proceedings, while to invalidate them for want of an additional notice
of each step taken would render the road laws practically unenforce-
able.

From Wallowa: JOHN W. KNOWLES, Judge.

In Banc.   Statement by MR. JUSTICE BEAN.

Peter Heuel, the plaintiff, obtained a writ of review
to re-examine the action of the County Court of Wal-
lowa County in the matter of vacating a county high-
way.   The Circuit Court dismissed the writ, thereby
affirming the proceedings of the County Court, and
plaintiff appeals.                          AFFIRMED.

For appellant there was a brief with oral arguments
by *Mr. A. M. Runnells* and *Mr. James A. Burleigh.*

For respondent there was a brief and an oral argu-
ment by *Mr. O. M. Corkins,* District Attorney.

MR. JUSTICE BEAN delivered the opinion of the court.

1, 2. It is maintained by counsel for plaintiff that
the act of 1903 (Laws 1903, p. 262; L. O. L., § 6279),
in so far as the same authorizes the vacation of county

roads and highways, is repugnant to Article IV, Section 20, of the state Constitution, which provides that:

"Every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

This contention cannot be upheld. The act of 1903 was in effect, although not so expressed in the title, a revision or re-enactment of several sections of the road laws, for the purpose of publication in pamphlet form for distribution to road supervisors. In form the act repealed the old statute relating to the same matter. The title of the act assailed is as follows:

"To provide for laying out, establishing, constructing, improving, and relocating county roads; providing for the establishment of road districts and the appointment of supervisors therein, and prescribing their duties and compensation; providing for a board of county road viewers, and for the appointment of a county roadmaster, prescribing their duties and fixing their compensation; providing for the levy and collection of the general tax, and for the manner of expending the same; providing for the special improvement of county roads by district taxation, for holding district meetings, and prescribing the qualifications of voters at such meetings; providing for roads of public easement, and the manner of laying out and improving the same; providing for the construction and maintenance of roads, bridges and fences; providing penalties for violations of this act; fixing the compensation of surveyors and their helpers; and repealing," etc.

It is contended that the matter of vacation of county roads is not expressed in the title of the act. The language of our fundamental law, "Every act shall embrace but one subject, and matters properly connected

therewith, which subject shall be expressed in the title,'' clearly indicates that it is not necessary for the title of an act to express all of the matters connected with the subject, and embodied in the enactment, otherwise the title would be practically a duplicate of the law itself. The vacation of a road and highway is undoubtedly connected with the subject mentioned in the title of the act in question. It cannot be said that this provision is wholly foreign to such subject. The title was a fair index to the proposed legislation. All of the provisions of the law are relevant to the subject. Therefore the act is not in conflict with the constitutional requirement: *Clemmensen* v. *Peterson,* 35 Or. 47 (56 Pac. 1015) ; *Corvallis & E. R. Co.* v. *Benson,* 61 Or. 359 (121 Pac. 418); *Bailey* v. *Benton County,* 61 Or. 390 (111 Pac. 376, 122 Pac. 755); *Eastman* v. *Jennings-McRae Logging Co.,* 69 Or. 1 (138 Pac. 216, 218); *Gantenbein* v. *West,* 74 Or. 334 (144 Pac. 1171, 1173). We enter into no extended discussion of this important subject for the reason that the proceedings reviewed were governed by the act of 1913 (Gen. Laws 1913, p. 296), amending the former act (Section 6279, L. O. L.) ; and, if there was any defect in the title to the earlier law, it was cured by the amendatory act. That is, the whole of the section amended served as a title to the later statute: *Pacific Milling & E. Co.* v. *Portland,* 65 Or. 349, 385 (133 Pac. 72, 46 L. R. A. (N. S.) 363) ; *Parks* v. *State,* 110 Ga. 760 (36 S. E. 73). The statute relating to county roads has been in existence since 1860, and during that time the legislature has not indicated an intention to change the law in respect to vacating county roads. The several enactments contain different language but are substantially to the same effect in this regard. Section 6279, L. O. L., requires that a petition for lay-

ing out or vacating a county road shall specify the place of beginning, the intermediate points, if any, and the place of termination of such road. It is argued by plaintiff's counsel that this requirement of the statute was not complied with. The petition describes the road proposed to be vacated by name, and as beginning where the same connects with another road named, on certain township line, 336 feet north of a certain corner of a subdivision of a given section in a given road district, then the general direction is given, the sections over which it crosses, to where the same connects with a public road "known as the Imnaha road," there terminating 40 rods west of a certain corner of a sectional subdivision.

3. The object of the petition and notice is to inform the people interested what road is asked to be vacated. The points of termini of the road described in the petition are specifically defined. The intermediate points are plainly delineated by describing the whole route of the road. The petition complies strictly with the statutory requirement. Proof of the posting of notice as directed by the statute was made, and is not questioned. Therefore the County Court acquired jurisdiction in the matter: *Ames* v. *Union County,* 17 Or. 600 (22 Pac. 118); *Feagins* v. *Wallowa County,* 62 Or. 186 (123 Pac. 902).

4. The next question for consideration arises as follows: The petition contained the names of 46 persons, 45 of whom the County Court found were qualified to sign the same. There were 65 signers to the remonstrance filed. Of these the court found that 38 were qualified remonstrators. After the report of the viewers was filed, the attorneys for the petitioners filed a motion contesting the qualifications of 8 of the remonstrators for the reason that the same persons

had signed the petition, and objecting to 10 as "not freeholders, nor owners of real property within road districts Nos. 5, 23 or 32, Wallowa County, Oregon, and therefore not qualified to sign said remonstrance," and 7 others for the reason they did not reside in either of the road districts through which the road passed. The County Court investigated the qualifications of the remonstrators, as well as of the petitioners, and made the findings above referred to, and decided that the remonstrance was not sufficient to overcome the petition. The petition for the writ of review alleges that the County Court erred in striking from the remonstrance the names of 7 signers thereon for the reason that said signers were not freeholders within either of the road districts in which the road is located. This seems to be the principal error relied upon. If conceded, this would, taken alone, add 7 more names to the remonstrance, making 45, which would equal the number of petitioners but would not outweigh the same. We pass this point.

The return to the writ discloses that the motion questioned the qualifications of these 7 remonstrators, as will be seen from the quotation above, on the ground that "said persons are not freeholders." The additional assertion in the motion as to the lack of ownership, by these signers, of property in the road districts, does not change the first challenge. This motion, however, is material only as indicating the reason of the ruling of the County Court, and on this account we have given the same due consideration. The record shows that the County Court excluded names, from both the remonstrance and the petition, that were not embraced in the motion. This indicates that the County Court did not base its decision entirely upon the ground specified in the motion.

Sections 6279 and 6288 prescribe that road petitions and remonstrances shall be signed by freeholders of the county residing in the road district or districts where the road affected is located. It is not essential that the real estate owned by such signatorial persons be situate in any particular road district or districts in the county. We note this as a preface to avoid any misunderstanding, and not because it is so contended by counsel for either side. The County Court having acquired jurisdiction of the road proceedings, as above noted, it is incumbent upon plaintiff in order to have the proceedings set aside upon a writ of review to show that the County Court erred in the exercise of its judicial functions or exceeded its jurisdiction, and also that such error was to the injury of some substantial right of the plaintiff: Section 605, L. O. L. In other words, error will not be presumed. And a mere irregularity in subsequent proceedings, after jurisdiction has once been obtained, will not vitiate the adjudication: *French-Glenn Co.* v. *Harney County,* 36 Or. 138 (58 Pac. 35); *Jensen* v. *Curry County,* 55 Or. 54 (105 Pac. 96).

The County Court in its inquiry as to whether or not the remonstrators were qualified to sign the same were referred, and had access, to the assessment-rolls and records of the county. No affidavit as to the qualification of the signers thereto accompanied the remonstrance. The return to the writ, which is the only evidence necessary to examine (*Curran* v. *State,* 53 Or. 154 [99 Pac. 420]), discloses that the County Court heard the matter and found as above stated. No request was made for more specific findings by either the County Court or the Circuit Court. The evidence before the County Court in regard to the remonstrators' right to be counted in the road matter

was not incorporated in the record in this action to review the road proceedings. The record of the rulings of that court does not show that any remonstrators were excluded, for the reason that their real estate was not situated in either of the road districts, or that the decision of the County Court was based upon any requirement as to signatures, except as provided by the statute. It is not shown by the record that the persons mentioned in the motion referred to, or those held not to be legal remonstrators, were freeholders of the county of Wallowa or elsewhere, or that they resided in either of the road districts. Therefore we cannot presume that the County Court erred in drawing its conclusion from the evidence which it had before it, but which is not before this court.

5. It is alleged that the County Court erred in proceeding with the hearing of the motion of the petitioners, and as to the legality of the signatures on the remonstrance without the service of the motion upon the remonstrators or their attorney. We do not find any record of the appearance of any attorney for the remonstrators prior to the filing of the motion. No appearance of an attorney for either side is noted in the County Court journal. All of the interested parties should have had ample opportunity to present their claims in the matter. However, no showing by affidavit or otherwise was made at any time to appraise the County Court that any of the parties had any further facts to present, or any request for any further hearing in the matter. The members of our County Courts are not all lawyers, and the same nicety as to rules of practice cannot be expected to prevail in that court as attorneys are accustomed to in the higher courts.

The remonstrance was filed on March 4, 1914. The report of the viewers is dated May 29, 1914. The County Court declared the road vacated July 6, 1914. Section 6288, L. O. L., requires the County Court to publicly read the report of the viewers in such a proceeding, on two different days of the same term, and then directs the court to proceed as therein indicated. We understand that the provision of the law, as to two separate proclamations of the report, is for the purpose of informing those particularly interested and the public generally of the action which is recommended, and that the road matter is under consideration by the court.

Any petitioner or remonstrator in a road case who does not care to rely solely upon the County Court can easily ascertain the time when the report will be read and the matter finally heard. A proper petition, accompanied by proof that the statutory notices have been posted, fulfills the requirements of the law as to service of process in such cases. And to invalidate road proceedings for want of an additional notice of each step taken therein by the court would render the road laws practically impossible of enforcement in case of any objection, and defeat their purpose. It was the duty of the County Court under the statute to ascertain the number of remonstrators, in the absence of any motion. Such motion would not necessarily change the mode of procedure. At the most the matter complained of as to want of notice was an irregularity, and did not nullify the action of the court.

The petition for the writ of review and the return made in obedience to the writ do not show an error to the injury of any substantial right of plaintiff.

Therefore the judgment of the Circuit Court affirming the action of the County Court is affirmed.

AFFIRMED.

---

'Argued May 5, reversed May 25, 1915.