Argued December 19, 1918, affirmed February 18, rehearing denied March 18, 1919.

# GIESY *v.* MARION COUNTY.

(178 Pac. 598.)

**Highways — Proceedings to Establish County Road — Notice — Sufficiency.**

1. Where petition for county road, irrespective of name of S., who made affidavit as to qualification of petitioners and signed petition, was subscribed by more names than required by Section 6279, L. O. L., it, when accompanied by proof that notices signed by such freeholders had been posted as required by Section 6280, conferred jurisdiction on the County Court to proceed notwithstanding that S. did not sign notices.

**Highways—Petitioners.**

2. It is the duty of the County Court upon the presentation of petition for a county road to ascertain if the same is signed by the requisite number of qualified petitioners, and, although a name may be rejected if a sufficient number of names of qualified petitioners remain on the petition, the presence of rejected name will not invalidate the petition.

**Highways—Establishment—Return to Writ of Review—Validity.**

3. On writ of review to test establishment of a county road, review is on the record disclosed by the return to the writ, and the return, when duly made, will be taken as verity.

**Highways—Establishment—Notice.**

4. The fact that, according to one date in affidavit of posting of one of notices for county road, a clerical error, such notice might have remained posted for 30 days longer than required, would not detract from the proof or finding of County Court to effect that notice was posted continuously for 30 days prior to presentation of petition for road.

**Highways—Statute—Repeal.**

5. Laws of 1913, page 697, providing that County Court, after filing of report of surveyor or viewers of road, shall fix a time for hearing report and cause notice to be given owners of lands to be taken for such road, was repealed by Laws of 1917, page 588.

**Statutes—Construction—Change of Established Procedure.**

6. The established practice under a statute should not be changed except by the clearly expressed will of the lawmakers.

[As to repeal of statutes by implication, see notes in 14 Am. Dec. 209; 88 Am. St. Rep. 271.]

**Highways—Establishment—Dismissing Writ of Review.**

7. Where record does not disclose that County Court exercised its functions erroneously or exceeded its jurisdiction to the injury of any substantial right of the plaintiff in ordering establishment of county road in question, judgment dismissing writ of review was proper, in view of Section 605, L. O. L.

From Marion: George G. Bingham, Judge.

Department 1.

This is a writ of review to test the establishment of a county road. The trial court dismissed the writ, and plaintiff appeals.                    Affirmed.

For appellant there was a brief over the name of *Messrs. Pogue & Page*, with an oral argument by *Mr. Myron E. Pogue.*

For respondent there was a brief with oral arguments by *Mr. John H. McNary* and *Mr. Max Gehlhar*, District Attorney.

BEAN, J.—1. The first error specified in the petition for the writ is that the notices posted were insufficient for the reason that they did not contain all of the names of the petitioners for the road. It ap-

pears from the return to the writ. that pursuant to
Section 6279, L. O. L., the petition, for the road was
signed by thirty freeholders residing in the road dis-
trict wherein the proposed road was petitioned to be
laid out and established. That in conformity with
Section 6280, L. O. L., the notices posted each con-
tained the names of the same number of such freehold-
ers. In addition to such signatures John W. Schwa-
bauer, who made an affidavit as to the qualifications
of the petitioners after the completion of the petition,
also signed the petition, but was not considered as a
qualified petitioner, and did not sign the notices, there-
fore plaintiff contends that the notices do not conform
to the statute.

2. Irrespective of the name of "John W. Schwa-
bauer," the petition was subscribed by more than
the number of qualified petitioners for the road re-
quired by the statute, and when accompanied by proof
that notices signed by such freeholders had been
posted as provided by statute, conferred jurisdiction
upon the County Court to proceed in the matter
notwithstanding the slight variance in the number
of names on the petition and on notices: *Bewley* v.
*Graves,* 17 Or. 274 (20 Pac. 322). In the ordinary
course of procedure in such matters, it might often
happen that a person who is not a qualified petitioner
for a county road would sign such a petition. It is
the duty of the county upon the presentation of such
a petition to ascertain if the same is signed by the
requisite number of qualified petitioners, and although
a name thereon might be rejected as disqualified, if
a sufficient number of names of freeholders residing
in the road district, or district where the proposed
road is to be located remain on the petition, the pres-
ence of such rejected name would not vitiate the peti-

tion or in any way jeopardize the rights of interested party. It would be mere surplusage. The road notice was sufficient in every way to perform its usual function and inform all interested parties of the application that would be made to the County Court for the laying out of the road; *Lord* v. *County Commissioners,* 105 Me. 556, 561 (75 Atl. 126, 18 Ann. Cas. 665).

.3. It is specified as error that the County Court did not publicly read the report of the viewers on two different days of the same term of court. The return to the writ shows that in the proceedings in the road matter it is recorded in the County Court records that the "report of the viewers and the county surveyor, aforesaid having been publicly read on two different days of this meeting of this court," and no remonstrance, etc., having been filed. Thus the record does not bear out the claim of error made by plaintiff.

This court will review the proceedings in the County Court upon the record as disclosed by the return to the writ. Such return when duly made will be taken as a verity: *Douglas County Road Co.* v. *Douglas County,* 6 Or. 299, 300; *French* v. *Harney County,* 33 Or. 418 (54 Pac. 211). This is not a proceeding to impeach the record of the County Court.

4. Error is predicated on the affidavit of W. J. Culver, of the posting of one of the road notices, a copy of which was attached to the affidavit, "at the place of holding the County Court at the courthouse in Salem in said Marion County and State of Oregon on the clerk's bulletin-board, continuously for thirty days prior to the presentation of the petition herein, to wit: on and between the 19th day of February, 1917, and the 6th day of May, 1917." This affidavit was sworn to on April 6, 1917.

It appears that the petition and proof of posting of the notices were filed on April 6, 1917. It is shown and the County Court found that each of the notices were posted for thirty days previous to the presentation of the petition. This is a strict compliance with the requirements of the statute. The fact that according to one date in the affidavit, which is an obvious clerical error, one of the notices might have remained posted for thirty days longer time, would not detract from the proof, or the finding of the County Court to the effect that the notice was posted continuously for the thirty days prior to the presentation of the petition.

5, 6. It is urged as error that the County Court gave no notice at the next meeting after the filing of the report of the surveyor or viewers, fixing a time for the hearing of the report, etc., "and caused no notice of any such hearing to be given the owners, lessees, and encumbrancers of the land to be taken for such road," as provided by Chapter 347, Laws of 1913, page 697. This law of 1913 made provision for a different notice from that required by the old county road law. Neither the language of the act nor the general scope of the same indicates that the notice, therein mentioned should be given in addition to the regular notice, nor in place thereof. The established practice under the statute should not be changed except by the clearly expressed will of the lawmakers. The law of 1913 was repealed by the Laws of 1917, page 588.

7. The record does not disclose that the County Court exercised its functions erroneously or exceeded its jurisdiction to the injury of any substantial right of the plaintiff in ordering the establishment of the county road in question: Section 605, L. O. L; *Huel* v. *Wallowa County*, 76 Or. 354, 360 (149 Pac. 77).

The judgment of the lower court dismissing the writ is therefore affirmed.

AFFIRMED.  REHEARING DENIED.

McBRIDE, C. J., and BENSON and HARRIS, JJ., concur.