ISAAC DYER *versus* WILLIAM LOWELL & *al.*

If a proprietor in a tract of undivided land, convey any number of acres thereof in common and undivided, the grantee is entitled to that number of acres of average quality and value with the rest of the tract.

If there be error in the proceedings of commissioners, in setting off lands under a petition for partition, the remedy for the party injured is, not by writ of error, but by writ of *certiorari.*

A co-tenant, thus injured, is not precluded from a remedy by *certiorari,* merely because he was not named in the petition for partition.

It is beyond the power of such commissioners to assign to a petitioner a right of hauling lumber across the land assigned to his co-tenant; or of driving lumber on the stream through such land; or to prescribe in what proportions, among the parties, the expense of maintaining the dam, shall be paid, or that a dam shall be maintained at all.

If the estate be incapable of partition, the whole should be assigned to one of the co-tenants, upon payment of money, as provided in R. S. chap. 121, sect. 25.

The proceedings of such commissioners are erroneous, if they show merely that they assigned to the petitioner, the number of acres he was entitled to, without showing, in substance, that they were of average quality and value with the residue of the tract.

PETITION for a writ of *certiorari.*

The respondents had a conveyance of 2730 acres of land in common and undivided, in township No. four, in the fifth range west of Kennebec river.                                   •

They applied for partition, alleging that they were seized of that quantity of the tract as tenants in common and undivided, with certain persons to them unknown. And commissioners, appointed under that application, had set off to them 2730 acres by metes and bounds, and made return thereof, but without stating that the lands so assigned were of average quality or value with the rest of the township, or in any form indicating their relative quality or value.

They also assigned to the petitioners, (in language as follows,) " the right to haul and land their timber on any part thereof, across or on adjoining land in said tract, east of the Spencer stream ; and further, the right of driving the stream and the use of the dam in common with the other owners,

each party being obliged to bear the expense of keeping in repair said dam, in proportion to the lumber driven through the same.

The return of said commissioners was presented at the Nov. term of the District Court, 1845, and no person objecting thereto, judgment was entered that the same be approved and accepted. It is for the purpose of reversing that judgment, that Isaac Dyer, this petitioner, now prays for a writ of *certiorari*, and makes the following, (among other) assignments of error in the proceedings aforesaid, viz. : —

2d. That the warrant to the commissioners did not direct them to set off the part belonging to the petitioners in 2730 acres, of an average quality and situation of the rest of the tract.

3d. That the report of the commissioners does not show, that they set off said 2730 acres of an average quality and situation of the rest of the tract.

4th. That said commissioners transcended their powers in assigning to said petitioners the right to haul and land their lumber across or on the adjoining land in said tract, east of the Spencer stream ; and in the use of the dam in common with the other owners.

*J. S. Abbott,* for petitioner.

*Certiorari* is the proper form of proceeding.

This case was formerly before the Court on a writ of error. But the process failed, it being the opinion of the Court that the remedy was by *certiorari* and not by writ of error.

The counsel then argued in support of the grounds, presented in the assignment of errors.

*Bronson* for defendants.

1. The defendants contend, that inasmuch as said Dyer does not appear to be a party to the record, he cannot sustain the action. R. S. c. 121, § 18, shows error to be the proper remedy. The writ of error failed, in this case before, because the petitioner was not a party to the previous proceedings.

2. That if *certiorari* be the proper process, the Court will

not grant it when no substantive injustice has been done, or when mischievous consequences would follow, or when no substantial error appears in the proceedings. 11 Mass. 417; *Rutland* v. *Worcester*, 20 Pick. 71; *Gleason* v. *Sloper*, 24 Pick. 181; R. S. c. 143.

3. The real grievance complained of, is, that the portion set of to defendants is of greater value than they were entitled to. But it is contended, that this or no other Court can or will interfere to correct matters of judgment, unless some fraud or corruption in the commissioners is alleged or proved.

4. The Court will not interfere when the parties cannot be placed in *statu quo.*

5. All parties interested should be joined in the petition for *certiorari.* Howe's Prac. 493; 3 Mass. 229.

SHEPLEY, C. J. orally. — It is contended that application for *certiorari* is not an appropriate remedy in a case like this. But we think it is, although perhaps it may not be the only one.

It appears by the commissioners' return that they set off 2730 acres, the precise quantity claimed by the petitioner. Their warrant did not require them, nor by their return do they state that they have undertaken, to set off that quantity of average quality or value, or to make a just and equal division as to value. These proceedings were erroneous, because the petitioners' ownership was only that of 2730 acres in common and undivided. They were therefore entitled only to a division which would assign to them land of an average value with the rest of the tract. It ought to have appeared, by the oath of the commissioners, that they had so divided it.

Besides, the commissioners assigned to the petitioners a right to haul and land lumber on the co-tenant's lands, and the right to drive logs there, and use the dam and prescribed the mode of keeping the dam in repair. This they could not lawfully do. If the estate was incapable of division, they should have set off the whole to one of the co-tenants, upon the terms, provided in R. S. c. 121, § 25.

It is not necessary that a petitioner for *certiorari* should be a party to the record, but only that he should be interested in the subject matter, upon which the record acts.

In the statute, there is a special provision for costs against one not named in the record. This must imply the right of such a one to bring this process.

*Writ of certiorari granted.*