LEONARD VANDERSTOLPH v. JAMES BOYLAN, HIGHWAY COMMISSIONER.

*Certiorari—Remote interest.*

Certiorari to review proceedings to lay out a highway was quashed where the petitioner's interest arose only from his being a tax-payer and therefore liable to be called upon to pay a trifling portion of the tax which would be levied to satisfy the appraised damages. His interest was too remote and the amount involved was too small.

Certiorari. Writ quashed. April 11.—April 18.

*Edward W. Withey* for plaintiff in certiorari.

*Godwin & Earle* for defendant in certiorari. Unless it is made to appear that the plaintiff may suffer injury in case of non-intervention by the Court, there is no ground for the remedy by certiorari: *Davison v. Otis* 24 Mich. 23; and it

must also appear that he has some substantial interest in the subject matter : *Colden v. Botts* 12 Wend. 234 ; and that there is something material to be accomplished,—something upon which the judgment of this Court can act effectively and work advantage to the plaintiff : *People v. Leavitt* 41 Mich. 471.

GRAVES, C. J.   This writ of certiorari is brought to vacate certain proceedings to lay out a highway, and the plaintiff's title to prosecute it consists only in his being a tax-payer of the town, and so, potentially liable for some, as yet unknown, but very small, portion of the tax wherewith to pay the appraised damage of $275.  We think this interest is too remote and too indirect and indefinite to warrant this remedy, and that any sanction of the proceeding would be an improper exercise of  discretion.   Were  no  other objection apparent, the single circumstance that the record contains no evidence of any interest in the plaintiff large enough for the law to notice would be sufficient to defeat the writ.   The facts in *Campau v. Button* 33 Mich. 525, are not very fully stated in the report.   But it will appear from an examination of the record that they are entirely distinguishable, and that case affords no authority for this.

Writ quashed, with costs to respondent.

The other Justices concurred.