HIRAM C. LORD et als., Petitioners for Certiorari,

*vs.*

COUNTY COMMISSIONERS FOR CUMBERLAND COUNTY.

Cumberland.    Opinion August 26, 1909.

*Certiorari. Petition. Interest of Petitioners. Evidence Dehors the Record not Receivable. Ways. County Commissioners. Notice on Petitions for Ways. Practice. Revised Statutes, chapter 23, section 2.*

Although it has been the uniform practice in Maine to hear the whole case upon a petition for the writ of certiorari, nevertheless, the judgment upon the petition granting the writ and ordering the record sent up is not a judgment that the record when sent up in response to the writ is to be quashed, but when the record has been certified up as directed in the writ the question whether the petitioners are entitled to have the record quashed is then to be determined upon the record as certified.

When the writ of certiorari issues and in response thereto the record is sent up, the court can only act upon such record. No evidence outside of the record is receivable to show any error therein. If the record is incorrect and amendable it should be amended before being sent up.

When it appears that petitioners for the writ of certiorari, who are not parties to the record, have no direct, legal, statute interest in the proceedings complained of, they have not shown such an interest in the proceedings sought to be quashed as entitles them to maintain the writ.

Where petitioners prayed for the writ of certiorari to quash the proceedings of the county commissioners in Cumberland County in laying out a town

way in the town of Naples in that county, and it appeared that the only ground for their claim of right to petition for the writ was that they were "citizens and tax payers of said town of Naples," *held* that they had no legal right to petition for the writ.

When a petition is duly presented to county commissioners for the laying out of a way, Revised Statutes, chapter 23, section 2, provides that the commissioners "shall cause thirty days' notice to be given of the time and place of their meeting, by posting copies of the petition, with their order thereon, in three public places in each town in which any part of the way is, and serving one on the clerks of such towns, and publishing it in some newspaper, if any, in the county." The same statute also provides that "the fact that notice has been so given, being proved and entered of record, shall be sufficient for all interested, and evidence thereof."

Where on a petition for the writ of certiorari to quash the record of the proceedings of county commissioners in laying out a town way, and the record certified up showed that the commissioners found as a fact, and entered the same in their record, that it was "then and there satisfactorily proved to us that all the notices named in said order had been duly and seasonably published, served and posted, and that all the requirements thereof had been fully complied with," *held* that the record thus certified up showed a full compliance with the statute as to notice.

It has been the uniform practice in Maine in proceedings for the laying out of ways, where the notice ordered to be given is to include a copy of the petition, not to copy the signatures of all the petitioners in the notice, but only the first with a statement of the number of the others. Such practice has continued so long, and been relied upon as sufficient so universally, that for reasons of public policy if for no other, it should now be regarded as a substantial and sufficient compliance with the statute.

On exceptions by plaintiffs.    Overruled.

Petition by Hiram C. Lord and twenty-one others, to the Supreme Judicial Court, Cumberland County, for a writ of certiorari to quash the record of the proceedings of the county commissioners of said county in laying out a certain town way in the town of Naples. The writ was ordered and the county commissioners certified up the full record of their proceedings as commanded.    After hearing in the Supreme Judicial Court, the presiding Justice denied the motion of the plaintiffs that the record of the county commissioners be quashed, but ordered the writ of certiorari to be quashed, and the plaintiffs excepted.

The case is stated in the opinion.

*Frank H. Haskell*, for plaintiffs.

*M. P. Frank*, for defendants.

SITTING :   WHITEHOUSE, SAVAGE, SPEAR, KING, BIRD, JJ.

KING, J.   Hiram C. Lord and twenty-one others petitioned the Supreme Judicial Court for Cumberland county, Maine, for a writ of certiorari to quash the record of the proceedings of the County Commissioners of said county in laying out a town way in the town of Naples.   At the October term, 1908, of said court the writ was ordered and in obedience thereto the Commissioners certified up the full record of their proceedings.   At the January term, 1909, of said court the presiding Justice, after hearing, denied a motion that the record of the Commissioners be quashed, and directed the writ of certiorari to be quashed.   The case is before the Law Court on exceptions to that ruling.

In the recent case of *Stevens* v. *Co. Com.*, 97 Maine, 121, this court, reviewing the authorities, restated the well settled doctrine that although it has been the uniform practice to hear the whole case upon the petition for the writ of certiorari, nevertheless, the judgment upon the petition granting the writ and ordering the record sent up is not a judgment that the record when sent up in response to the writ is to be quashed.   When the record has been certified up as directed in the writ the question whether the petitioners are entitled to have the record quashed is then to be determined upon the record as certified.   That is the question to be determined here.

Numerous alleged errors in the proceedings are set out in the petition but they may all be condensed into two, and in fact they are so considered in the brief of the learned counsel for the petitioners :   (1)   That notice of the time and place of the Commissioners' meeting was not given in compliance with the statute ; (2)   That the Commissioners did not adjudicate that the municipal officers had unreasonably neglected and refused to lay out the way.

There is, however, at the threshold of the case another question to be determined the decision of which is, we think, decisive of the matter before us.   Are the petitioners for the writ of certiorari shown to have such an interest in the proceeding sought to be quashed as entitles them to maintain the writ?   We think not. They are not parties to the record sought to be quashed.   None of

them appear to have been petitioners to the municipal officers for the way, or to the Commissioners. The way is not laid out over their land. The only ground for their claim of right to petition for this writ is that they "are citizens and taxpayers of said town of Naples." If for this reason they have the right to petition for certiorari to quash the laying out of this town way, then for a like reason has each citizen and tax payer of the town a like right. But to permit that would be both unreasonable and contrary to precedent.

In the early case of *Bath Bridge & Turnp. Co., Pet'rs*, v. *Magoun & als.*, 8 Maine, 292, Mellen, C. J., speaking of the writs of error and certiorari, said: "They are alike in this, that no one but a party to the record, or one who has a direct and immediate interest in it or is privy thereto, can maintain either of those writs. . . . Numerous cases have occurred, and many are reported, in respect to the location of roads, &c. but they have always been prosecuted by those having a direct, legal, statute interest in the proceedings complained of. As our laws on this subject now stand, the individuals whose land is appropriated for the road have a direct interest of a pecuniary character. So has the county, because liable by law to pay the owner the estimated value of the land so appropriated. So has the town, because by law bound to make the road and keep the same in repair." In *Levant* v. *Co. Com.*, 67 Maine, page 434, it is said: "The petitioner should have a direct interest in the proceedings sought to be quashed." In Vol. 4, page 172, Encyc. Pl. and Prac. the author says: "Proceedings to establish, alter, maintain or repair roads and highways will not be reviewed on the application of private citizens who apply for the writ in their own behalf when such applicants have no special property rights or interests involved."

In *Vanderstolph* v. *Highway Com'r*, 50 Mich. 330, the petitoner was interested only as a tax payer in the town, and Graves, C. J., there said: "We think this interest is too remote and too indirect and indefinite to warrant this remedy, and that any sanction of the proceeding would be an improper exercise of discretion."

*Conklin* v. *Fillmore County*, 13 Minn. 454, is another case where the question was whether a mere tax payer could prosecute a writ of certiorari to quash the laying out of a road in his town. Wilson, C. J., there said: "I think the plaintiff has not a right to prosecute this action. He does not show or pretend that he is damnified more or otherwise than any other resident of the town. . . The injury—if any—is to the community, not to him in his individual capacity, and it is for them, not for him, to redress it. . . . If one member of the community in his individual capacity has a remedy for such an injury, so has every other member. To permit this would be intolerable and contrary to all precedent and reason. This objection cannot properly be passed over in silence." In the case before us the petitioners for the writ of certiorari have no "direct, legal, statute interest in the proceedings complained of." They are injured, if at all, only as other taxpayers are injured, and that may be to pay some small amount for building and maintaining this way, if they are and continue to be property owners in the town. Such an injury is too remote and too small for the law to notice and redress.

But if the petitioners were entitled to prosecute the writ an examination of the record as certified up shows that the alleged errors complained of are not such in fact.

I. As so the notice. Sec. 2, chap. 23, R. S., provides that the Commissioners "shall cause thirty days notice to be given of the time and place of their meeting by posting copies of the petition with their order thereon, in three public places in each town in which any part of the way is, and serving one on the clerks of such towns, and publishing it in some newspaper, if any, in the county."

The Commissioners ordered such notice to be given in this case. The same section of the statute provides that "The fact that notice has been so given being proved and entered of record, shall be sufficient for all interested, and evidence thereof."

The record shows that the Commissioners found as a fact, and entered the same in their record, that it was "then and there satisfactorily proved to us that all the notices named in said order had been duly and seasonably published, served and posted, and that

all the requirements thereof had been fully complied with." Thus the record certified up shows a full compliance with the requirements of the statute as to notice. But the petitioners attempt to show dehors the record that it is not true; that the notice actually published, served and posted did not contain a copy of the petition because the names of all the petitioners were not copied, but only that of the first, "M. S. Brackett," with the addition "and thirty-six others." If there were merit in such objection to the notice it could not avail the petitioners.

"When the writ issues the court can act only on the record as produced. No evidence aliunde is receivable" *White* v. *Co. Com.*, 70 Maine, page 326. See also to same effect *Cushing* v. *Gay*, 23 Maine, 16; *Pike* v. *Herriman*, 39 Maine, 52; *McPheters* v. *Morrill*, 66 Maine, 125; *Emery* v. *Brann*, 67 Maine, 44; *Stevens* v. *Co. Com.*, 97 Maine, 123. The paper printed with the case purporting to be a "Copy of petition and order as posted" forms no part of the record certified under the hands and seal of the Commissioners, and could not be introduced to change or alter the record. In *Emery* v. *Brann*, supra, it was held that an original paper on file was "not admissible to show error in the record."

But we are of opinion that there is no merit in this objection. We do not readily perceive in what respect any interested party could be materially disadvantaged by the omission to copy the names of all the petitioners in the notice given. The object of the notice is to give information of the time, place and purposes of the Commissioners' meeting. A notice containing a copy of the petition, but with only the name of one petitioner copied, must be as effective for this purpose as a similar notice containing all the names. The orginal petition is on file with the Commissioners and the names of all may be ascertained at any time from an inspection of it. Moreover, it has been the uniform practice in this State, we think, in proceedings for the laying out of ways, where the notice ordered to be given is to include a copy of the petition, not to copy the signatures of all the petitioners in the notice, but only the first with a statement of the number of the others, as was done in this case. Such practice has continued so long, and been relied upon as suffi-

cient so universally, that for reasons of public policy if for no other, it should now be regarded as a substantial and sufficient compliance with the statute.

II.   In the amended record it is expressly stated that the Commissioners did adjudge that the municipal officers had unreasonably neglected and refused to lay out the way.

The petitioners now claim, however, that the amendment was not justified, and should not have been made.   We see no reason to so conclude, but if so the record as sent up is conclusive in this proceeding.   The court can act on nothing else.   See cases cited supra.

The entry will therefore be,

*Exceptions overruled.*