Herman **COHEN**

v.

**MAINE SCHOOL ADMINISTRATIVE DISTRICT NO. 71 et al.**

Supreme Judicial Court of Maine.

Feb. 10, 1977.

———◆———

Murray, Plumb & Murray, by Peter L. Murray, Portland, for plaintiff.

Drummond, Wescott & Woodsum, by Hugh G. E. MacMahon, Harry R. Pringle, Portland, for S.A.D. 71 and Arthur K. Hedberg.

Thompson, Willard & McNaboe, by Lawrence R. Clough, U. Charles Remmel, Portland, for Casco Bank & Trust Co.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

WERNICK, Justice.

This case is a renewal of litigation concerning the school construction bond issue of Maine School Administrative District No. 71 recently considered by us in *Cohen v. Ketchum,* Me., 344 A.2d 387 (1975).

Here, plaintiff Herman Cohen has appealed from a Superior Court (York County) judgment which dismissed the second of two counts of a complaint by plaintiff initiating a civil action against defendants, Maine School Administrative District No. 71 (S.A.D. No. 71), Casco Bank and Trust Company (Casco) and Arthur K. Hedberg, Jr., individually and as Superintendent of Schools for School Administrative District No. 71.[1]

On January 22, 1975 the voters of SAD No. 71[2] approved a $5,200,000 school construction bond issue. On September 19, 1975 this Court decided *Cohen v. Ketchum,* supra. The decision found no merit in several claims asserted by the person who is the present plaintiff, one rejected contention being that the warrant pursuant to which voter approval was sought contained information misleading to the voters. On September 29, 1975, (ten days after the decision in *Cohen v. Ketchum* was rendered) the Directors of SAD No. 71 issued Dis-

1. Although the first count of the complaint is still pending in the Superior Court, the presiding Justice has expressly certified that "there is no just reason for delay . . . as to Count II." The judgment on Count II is therefore a final judgment for purposes of the appeal to this Court. Rule 54(b) M.R.C.P.

2. SAD No. 71 comprises residents of the towns of Kennebunk and Kennebunkport.

trict notes in the amount of $250,000 to defendant Casco.

Count II of plaintiff's complaint, seeking declaratory and injunctive relief, avers that by issuing these notes, the SAD No. 71 Directors violated a condition precedent to valid issuance of the bonds which was imposed by this Court's interpretation of the warrant in *Cohen v. Ketchum.* Specifically, plaintiff contends that this Court upheld the warrant against the claim that it was misleading by construing it to have informed the voters that no bonds would issue until there had been, in the language of plaintiff, a "guarantee" of "State reimbursement." Plaintiff demands, therefore, that no further implementation of the bond issue proceed until such "guarantee" has been achieved.

The record reveals a highly confusing procedural posture leading to the Superior Court's dismissal of Count II of the complaint. However, the view we take as to the appropriate disposition of the instant appeal dispenses with the need for us to attempt a full resolution of the procedural mysteries.[3]

We decide that since defendants' motions for dismissal included as one ground for dismissal that Count II of the complaint failed to state a cause of action, the ultimate legal conclusion of the presiding Justice dismissing that Count was correct. For reasons hereinafter explained, however, we conclude further that the dismissal of Count II should not have been a dismissal with prejudice, thus warranting entry of judgment for the defendants as to Count II, but plaintiff should have been granted leave to amend Count II of the complaint. We therefore sustain the appeal and remand the case to the Superior Court for further proceedings in accordance with this opinion.

We find untenable the foundational premise on which plaintiff purports to allege a cause of action in Count II of the complaint,—that is, plaintiff's interpretation of the legal import of our decision in *Cohen v. Ketchum,* supra.

Plaintiff's contention, here, concerns our approach in *Cohen v. Ketchum* to a statement in the warrant, made parenthetically, that:

"(State law (20 M.R.S.A. 3457) now provides that the District will be reimbursed for construction costs and debt service incurred on account of approved school construction projects. The bonds or notes authorized hereby will not be issued until and unless such approval is obtained.)" (p. 397 of 344 A.2d)

Extracting exerpts from the opinion, plaintiff asserts that we decided that the warrant was not misleading to the voters because we construed the above parenthetical language as a representation to the voters that issuance of the bonds was contingent on State financial assistance and, therefore, "if State reimbursement be not forthcoming", (p. 400 of 344 A.2d) the bonds will not be issued. Thus interpreting the import of *Cohen v. Ketchum,* plaintiff now avers as the legal gravamen of Count II of the instant complaint that the September 29, 1975 loan between Casco and SAD No. 71 can be valid only if it is held to be conditioned upon the actuality of such State assistance and should be enjoined pending a determination of whether that assistance will in fact be forthcoming.[4]

Plaintiff wrongly reads the *Cohen v. Ketchum* decision. His resort to random phrases from that opinion conceals the manifest import of the entirety of the analysis. We made plain that the parenthetical language of the warrant referred

---

3. At oral argument counsel were unable to provide satisfactory explanation of the strange procedural facets of the case.

4. Characterizing the "modification" of its agreement as relief which is "remedial" rather than "preventive", Casco argues that plaintiff lacks standing in this action. *Cohen v. Ketchum,* supra, at pp. 390, 391. However, we view the requested enjoining of payment of the obligation and of the issuance of further bonds to be sufficiently "preventive" to give plaintiff standing for the purposes of Count II of the complaint.

to 20 M.R.S.A. § 3457, characterized State reimbursement as being available for *"approved* school construction projects", and stated that the instant bonds will not issue "unless such *approval* is obtained." (emphasis supplied)

True, in discussing the meaning of the parenthetical language of the warrant, we interchanged the words "approval" and "reimbursement." While this shortcutting use of language seems to have been confusing to plaintiff, it is plain from the entirety of our discussion that we decided that the State's *approval* of the school project—obtained pursuant to the provisions of 20 M.R.S.A. § 3457 as in effect at the time of the warrant (and the giving of the approval of the voters)—was the only condition referred to in the warrant on which issuance of the bonds was contingent.

In its totality the analysis observed, first, that 20 M.R.S.A. § 3457 provided that the Commissioner of Education

> *"shall* allocate state financial assistance to School Administrative Districts on school construction approved." (emphasis supplied)

It then explained:

> "Once approval is forthcoming, reimbursement is contemplated as mandatory and automatic. That a legislative appropriation may not be forthcoming does not inject inaccuracy into the information. It is common knowledge that the Legislature may fail to appropriate monies for programs at any time. We attribute such knowledge to the voters of SAD No. 71 (in the absence of any special evidence here suggesting that the SAD No. 71 voters may have believed otherwise)." (p. 399 of 344 A.2d)

We thereby clarified that the obtaining of State approval in accordance with the law then in effect when SAD No. 71 voters were being called upon to approve the proposed bond issue was, in legal contemplation under the then operative scheme, the equivalent of the State's commitment to reimbursement.

In thus upholding the parenthetical statement of the warrant as accurate and not misleading, our decision in *Cohen v. Ketchum* neither intended to, nor did, conclude that the warrant had informed the voters that the bonds would not be issued unless and until there was a determination that State reimbursement would in fact be forthcoming.

The decision we made in *Cohen v. Ketchum,* as here more fully explained in light of plaintiff's contention, accords with the practical mechanics of issuance and repayment reflected in 20 M.R.S.A. § 3457. State participation is contemplated as occurring year by year for a period not to exceed 25 years. No State assistance can be paid until *after* completion of the project and a cost report. Yet, school district taxpayers and prospective bond customers require some assurance of State participation *before* they incur liability. The Commissioner's approval, and the direction of Section 3457 that State assistance must be allocated to approved projects, supplies this assurance (subject to the remote, albeit well-known, possibility noted in *Cohen v. Ketchum* that notwithstanding that the State has become legally committed to reimbursement, the Legislature may fail to appropriate sufficient revenues to meet the State's legal obligation—in which event, it may become necessary to resort to the courts for enforcement of the State's obligation).

It remains to assess the allegations of Count II of the complaint in light of the foregoing. The allegations are phrased, without exception, in terms of reimbursement rather than approval. The averments are: SAD No. 71 directors "propose to issue bonds . . . without regard to the availability of State financial assistance or whether reimbursement will be forthcoming"; the September 29, 1975 loan agreement between SAD No. 71 and Casco "was not contingent upon State financial assistance nor was any determination made as to

whether State reimbursement was forthcoming at the time of such issue." As we have clarified, it is, however, the Commissioner of Education's *approval* obtained under the law referred to in the warrant —*not* the "determination . . . whether State reimbursement was forthcoming at the time of . . . issue"—which our decision in *Cohen v. Ketchum, supra,* held to be the condition governing the right of issuance.

We decide, therefore, that the ultimate conclusion of the presiding Justice dismissing Count II of the complaint was correct. As presently framed to purport to establish a cause of action predicated on the proposition that *Cohen v. Ketchum* holds it illegal to go forward with the bond issue without achieving a "determination . . . whether State reimbursement was forthcoming at the time of . . . issue", Count II of the complaint misconceives this Court's decision.

Since by this approach we hold the dismissal of Count II of the complaint to be correct solely on the basis of the Rule 12(b)(6) aspects of defendants' motion to dismiss—i. e., that Count II fails to state a claim upon which relief can be granted,— the further question remains whether the dismissal should have been with prejudice, thus warranting entry of judgment for defendants as to Count II.

Nothing of record definitively establishes whether, or not, prior to the issuance of the SAD No. 71 notes to Casco the Commissioner of Education had in fact given his approval of the school construction project, as required by the law in effect at the time of the warrant—this being the condition on which *Cohen v. Ketchum* held issuance of the bonds to be contingent.[5]

Hence, the possibility remains that plaintiff might be able to amend Count II of the complaint to state facts which could constitute a cause of action (under our present clarification of the *Cohen v. Ketchum* decision). Since Rule 15(a) provides that leave to amend ". . . shall be freely given when justice so requires", the disposition of a Rule 12(b)(6) motion to dismiss should not be allowed to become an adjudication on the merits of the case —under Rule 41(b)(3)—if, by amendment, plaintiff might be able to state a good cause of action.

We therefore sustain plaintiff's appeal and remand the case to the Superior Court with instructions that the Superior Court: (1) grant plaintiff leave to amend Count II of his complaint to allege, if there are facts so warranting, such matters as this opinion indicates could constitute a cause of action; and (2) if no such amendment is forthcoming, dismiss Count II of the complaint finally and enter judgment for the defendants thereon.[6]

The entry is:

*Appeal sustained; case remanded to the Superior Court for further proceedings in accordance with the opinion herein.*

All Justices concurring.

---

5. At oral argument counsel for plaintiff indicated that were we to hold, as we do, that issuance of the bonds was contingent only on the State's *approval* of the school construction project pursuant to the law in effect at the time of the warrant, he might not be able to allege a cause of action under Count II. Counsel for plaintiff left the matter conjectural, however, as we understood him, because he also indicated that he was not certain whether such requisite State approval had been given. For this reason, although counsel for defendant SAD No. 71 stated unequivocally that the necessary State approval had in fact been obtained, we cannot conclude that counsel for the plaintiff had so stipulated.

6. Because of the approach we have taken herein, we need not reach plaintiff's contentions as to the impropriety of the presiding Justice's admission of particular "exhibits" as evidence in connection with his consideration of the motions to dismiss Count II of the complaint.