**Margaret CUNNINGHAM et al.**

v.

**KITTERY PLANNING BOARD et al.**

Supreme Judicial Court of Maine.

April 24, 1979.

Lund & Goodall by Clifford H. Goodall, Augusta (orally), for plaintiff.

Verrill & Dana by Michael T. Healy, Portland (orally), for L. J. Davidson, Assn.

McEachern, Winiarski & Thornhill by Duncan A. McEachern, Kittery (orally), for Town of Kittery and Rossiter.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

GODFREY, Justice.

Fourteen persons owning property in the town of Kittery brought a five-count complaint in Superior Court seeking both judicial review of the Kittery Planning Board's approval of a subdivision application made pursuant to 30 M.R.S.A. § 4956 and injunctive relief against further development of the subdivision. The Superior Court dismissed two counts of the complaint and granted summary judgment for the defendants on the remaining three counts. The property owners have appealed the Superior Court's decision to the Law Court.

## BACKGROUND AND PROCEEDINGS

### 1. *Planning Board*

From the pleadings, motions, and accompanying affidavits, the following facts appear to be undisputed. In September of 1976, Mr. L. John Davidson attended a meeting of the Kittery Planning Board on behalf of L. John Davidson Associates, a limited partnership which owns land on Gerrish Island in the town of Kittery. Mr. Davidson presented a rough plan for the development of a residential subdivision on the Gerrish Island property and informed the Board of his intention to present more complete plans for the subdivision in the future. At a meeting of the Board the following March, Mr. Davidson presented extensive drawings and materials concerning the proposed subdivision on Gerrish Island. He completed an application form and paid the necessary fee pursuant to the provisions of 30 M.R.S.A. § 4956. The Board informed him that a preliminary plan and then a final plan must be filed and that a public hearing would be required on each of the plans.

On April 28, 1977, Mr. Davidson presented his preliminary plan to the Board. After questioning Mr. Davidson and discussing the application, the Board unanimously approved the preliminary plan subject to specified conditions. At a Board meeting on June 9, 1977, Mr. Davidson presented his final plan. After considerable questioning and discussion, the Board voted to receive the final plan and scheduled a public hearing on the Davidson subdivision for June 23, 1977.

At the June 23 public hearing, Mr. Davidson brought those present up to date with respect to his plans. Seven of the fourteen plaintiffs attended the hearing. Of the seven, five participated in the hearing, questioning Mr. Davidson and indicating their opposition to the proposed subdivision. The chairman of the Board read a letter opposing the subdivision from a plaintiff who did not attend the hearing.

When there were no further questions, the chairman of the Board closed the public hearing. He announced that there would be open deliberation and that the people were welcome to stay. After a five-minute recess, the Board began to discuss the application, frequently addressing questions to Mr. Davidson, who responded to the inquiries. After considerable discussion, the Board decided that another meeting would be necessary.

The Board's final meeting on the Davidson subdivision was held on June 30, 1977. Five of the seven plaintiffs who had attended the public hearing on June 23 were present. The meeting was a continuation of the open deliberations of the previous meeting. Mr. Davidson continued to provide information to the members of the Board and responded to their questioning. When Mr. Martin, one of the plaintiffs in attendance, requested permission to speak, the chairman reminded him that the public hearing was closed and that the Board was then engaged in deliberation. However, the Board agreed to allow him to speak briefly. Mr. Martin then proposed a compromise. After further deliberation and additional questioning of Mr. Davidson, the members of the Board voted four to one to approve the subdivision application subject to specified conditions. The approved plan was recorded in the York County registry of deeds on July 6, 1977, with a copy of the Board's "Conditions of Approval" and a copy of the site location order and findings of fact issued by the State Department of Environmental Protection approving the subdivision. The Board sent Mr. Davidson a letter dated July 19, 1977, officially notifying him of the approval of the final plan subject to the stated conditions.

During the proceedings before the Board and on the date of approval of the subdivision, the 1960 zoning ordinance of the Town of Kittery was in effect. A new zoning ordinance, under consideration while the application was pending, was adopted by the town on June 13, 1977, to be effective July 13, 1977, two weeks after the Davidson subdivision was approved by the Planning Board. The plaintiffs assert that the lots in the Davidson subdivision are non-conforming under the 1977 zoning ordinance.

### 2. *Superior Court*

On July 27, 1977, the fourteen plaintiffs filed a complaint in Superior Court against the Kittery Planning Board, Richard E. Rossiter, in his capacity as town code enforcement officer, and L. John Davidson Associates. The pleading was labeled a Rule 80B complaint and stated that it was brought "pursuant to Rule 80B of the Maine Rules of Civil Procedure as an appeal for review of the actions of the Kittery Planning Board . . . ." It described the plaintiffs as "property owners of land located on Gerrish Island" but alleged no additional facts either to identify their interests or to show how their interests would be adversely affected by the subdivision.

Counts I, II, and III alleged that the procedures employed by the Planning Board denied the plaintiffs' rights to due process and a fair hearing. The factual allegations of Counts I, II, and III accorded substantially with the statement of facts outlined above. Each of the three counts requested the Superior Court to declare the subdivision permit null and void and to enjoin further development of the subdivision, sale of lots, or issuance of building permits.

Count I asked the court to find that the Board "heard, solicited and considered testimony presented outside of the public hearing; conducted *ex parte* meeting with the applicant; and denied the Plaintiffs the same rights and privileges granted to the applicant to present evidence and testimony." Count II claimed that the Board "based its decision on evidence and testimony which was presented to it separate from the application and prior to and after the close of the public hearing." Count III alleged that the Board "did not make a written record of its decision which sets forth the reason or reasons for its decision," and that the Board failed to set forth findings of fact as required by 1 M.R.S.A. § 407 (freedom of access law) and 30 M.R.S.A. § 4956(2) (subdivision law).

Counts IV and V directly challenged the legality of the proposed subdivision itself. The plaintiffs asserted that the lots in the Davidson subdivision were non-conforming under the new 1977 zoning ordinance, which became effective two weeks after the Board's approval of the subdivision. Plaintiffs claimed that Richard E. Rossiter, the town code enforcement officer, failed or refused to notify Davidson of the zoning violation, as required by the 1977 zoning ordinance. Count V adds the allegation that the violation of the 1977 zoning ordinance creates a nuisance pursuant to 30 M.R.S.A. §§ 4962(1)(F) and 4964.

Both Counts IV and V requested the Superior Court to find that the lots in the Davidson subdivision violate the minimum-lot-size requirements of the 1977 zoning ordinance and that Mr. Rossiter has failed or refused to enforce such requirements. They also request injunctions prohibiting the further development of the subdivision, sale of lots, or issuance of building permits.

L. John Davidson Associates responded to the complaint by filing on August 18, 1977, a motion to dismiss the five counts for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. M.R.Civ.P., Rule 12(b)(1) & (6). The other defendants joined in an answer, filed September 15, 1977, which denied most of the allegations of the complaint and prayed that it be dismissed. They also filed a motion for summary judgment on September 16, 1977. The motion was accompanied by an affidavit of the chairman of the Kittery Planning Board. That affidavit summarized the Board's actions and enclosed a copy of the July 19, 1977, notice of the Board's decision, copies of the minutes of the Board meetings in question, a copy of the technical check list of material submitted for use in reviewing the subdivision plans, a copy of the Board's conditions of approval, and the site location order and findings of fact issued by the State of Maine Department of Environmental Protection dated May 25, 1977. John L. Davidson Associates also filed a motion for summary judgment on the same grounds.

The record also contains "Plaintiff's Affidavit in Opposition to Defendants' Motion for Summary Judgment," signed by plaintiff Margaret Cunningham. The affiant

stated that she had attended the Planning Board meetings of June 23 and June 30, 1977, and she related facts consistent with the descriptions, set forth above, of those two meetings.

On September 21, 1977, the plaintiffs filed with the clerk of the Superior Court a motion for leave to amend their complaint by adding the following allegations to the original complaint:

"Gerrish Island is a small coastal island with only one access over a single bridge. The proposed subdivision will substantially increase the population of Gerrish Island and will result in congestion of its bridges, roads, beaches, create traffic hazards, reduce the capacity of the public water system to provide sufficient water, and thereby interfere with the Plaintiffs' enjoyment of their property.

The subdivision and Planning Board's order will damage the Plaintiffs by reducing the value of their property.

The Plaintiffs attended the public hearing conducted by the Planning Board, participated in the hearing. Most of the Plaintiffs also attended public meetings of the Planning Board and were not permitted to participate while the Defendant, L. John Davidson, was permitted to participate in the discussion.

The Plaintiffs include owners of property abutting the Defendant's and all Plaintiffs own land in the vicinity of the Defendant's land."

The clerk of the Superior Court failed to place the motion to amend the complaint on the docket. The plaintiffs took no further action with regard to that motion until January, 1978, after they had appealed from the adverse order and judgment of the trial court.

On September 23, 1977, the Superior Court granted the Davidson motion to dismiss with respect to Counts IV and V of the complaint and denied it with respect to Counts I, II and III. On November 23, 1977, the Superior Court entered an order granting summary judgment for the defendants on all claims raised in Counts I, II and III. The plaintiffs appeal from the Superior Court's order of dismissal of Counts IV and V and summary judgment for the defendants on Counts I, II and III. The record on appeal, which was filed on December 29, 1977, contained no reference to the plaintiffs' motion to file an amended complaint.

### 3. *Law Court*

On December 29, 1977, the defendant L. John Davidson Associates filed a motion to dismiss the appeal, alleging (1) that the plaintiffs were not parties "aggrieved" by the judgment of the Superior Court within the meaning of 14 M.R.S.A. § 1851, and that they had no standing to pursue the appeal; and, (2) that the judgment of the Superior Court was not reviewable by the Law Court because the Superior Court did not have jurisdiction under Rule 80B, M.R. Civ.P., to review the Planning Board's actions.

Seeking to remedy the omission with respect to their September motion to amend their complaint, the plaintiffs filed with the Law Court on January 12 and 13, 1978, a "Motion to Correct the Docket Entries" and a "Motion to Remand." The motions were argued before Justice Pomeroy, who issued an order for the Law Court on January 30, 1978, directing the clerk of the Superior Court to correct the docket by inserting the plaintiffs' motion to amend the complaint under the entry date of September 21, 1977. The case was remanded to the Superior Court "to act upon the Plaintiffs' Motion to Amend the Complaint . . . ." The Law Court retained jurisdiction of the appeal for purposes of entertaining Davidson's motion to dismiss, all other aspects of the appeal being held in abeyance until the Superior Court acted on the motion to amend the complaint.

On February 8, 1978, a hearing was held before a justice of the Superior Court on the plaintiffs' motion to amend the complaint. In an order dated February 13, 1978, the Superior Court justice directed the clerk to correct the docket and granted the motion to amend. The justice stated that, although it appeared that the plaintiffs had

waived their motion to amend, the order of the Law Court denied the Superior Court discretion in the matter and required that he grant the motion. On March 2, 1978, the defendant L. John Davidson Associates filed a notice of appeal to the Law Court from the Superior Court's order granting the motion to amend the complaint. This appeal by defendant was consolidated with the plaintiffs' appeal by order of the Chief Justice.

On February 13, 1978, the plaintiffs filed with the Superior Court a "Motion for Relief from Judgment" under Rule 60(b), M.R. Civ.P. They requested relief from the Superior Court's summary judgment "on the grounds of mistake, inadvertence, excusable neglect, and for the reason that justice requires that the Defendants' Motion for Summary Judgment be determined in the light of the amended complaint." On February 27, 1978, the plaintiffs filed with the Law Court a "Motion to Remand to Superior Court" in order that it might rule on their Rule 60(b) motion.

On March 1, 1978, the Davidson motion to dismiss the appeal was argued before the Law Court. The Court reserved decision on the motion to dismiss on the ground that the issues would be better considered after the Court had received briefs and heard oral argument on the plaintiffs' appeal.

On March 27, 1978, the defendant Kittery Planning Board filed with the Law Court a "Motion to Modify the Record, under Rule 74(i) and Supporting Affidavit."[1] The motion stated that on February 27, 1978, the Kittery Town Council had amended the 1977 zoning ordinance to add the following sentence to the provision of the 1977 zoning ordinance relied upon by the plaintiffs in Counts IV and V:

> "This subsection shall not apply to any Planning Board approved subdivision for which an approved plan was recorded in the York County Registry of Deeds on or before July 13, 1977."

The amendment carried the effective date of March 29, 1978. On March 30, 1978, the attorneys for the parties on appeal filed a stipulation that the Davidson subdivision was recorded in the York County Registry of Deeds on July 6, 1977. On March 28, 1978, the Chief Justice ordered that the motion to modify the record be argued in the parties' briefs and that oral argument on this motion be had in conjunction with oral argument on the appeals and the motion to dismiss.

The entire case was argued before the Law Court on April 10, 1978.

### DISPOSITION OF PROCEDURAL QUESTIONS

1. *Plaintiffs' Motions to Amend the Complaint and for Relief from Judgment*

■ This appeal must be decided without reference to plaintiffs' proposed amendments to their original complaint. The Superior Court erred in assuming that our remand to correct the docket and to act on the plaintiffs' motion to amend the complaint required the Superior Court to grant the plaintiffs' motion. Our order of remand did not mandate the granting of the motion. *Cf. Cohen v. Maine School Administrative Dist. No. 71*, Me., 369 A.2d 624 (1977).

■ Although the presiding justice granted the motion under the misimpression that our mandate required him to do so, his order set forth the following reasons for concluding that, if he had been able to exercise his discretion, he would have held that plaintiffs must be deemed to have "waived" their motion: first, plaintiffs never requested that the motion be scheduled for hearing before they appealed to the Law Court; second, after entry of the Superior Court's order dismissing Counts IV and V, they did not file a motion under Rule 59(e), M.R.Civ.P., seeking to alter that order so that they might have an opportuni-

---

1. Former subsection (i) of Rule 74, as amended, became subsection (e) effective January 1, 1978.

ty to amend their complaint; third, they did not file a motion under Rule 59(e) after entry of summary judgment against them on Counts I, II and III. Those reasons are persuasive that the plaintiffs' motion to amend the complaint should have been denied as waived or abandoned. *See Jones v. Suhre*, Me., 345 A.2d 515, 518 (1975). On the facts of the present case, it would have been an abuse of discretion for the presiding justice to decide otherwise. We must sustain the appeal of defendant Davidson Associates from the order of the Superior Court granting the plaintiffs' motion to amend the complaint.

On February 13, 1978, plaintiffs filed in Superior Court a motion under Rule 60(b), M.R.Civ.P., for relief from the summary judgment of November 23, 1977, on the ground that defendants' motion for summary judgment should have been determined in the light of the amended complaint. Plaintiffs have since moved in the Law Court that the case be remanded to Superior Court for hearing on that motion. Because plaintiffs' motion to amend the complaint must be denied as waived or abandoned, no basis exists under Rule 60(b) for relief from the summary judgment. Accordingly, we deny the motion before us for remand to Superior Court to hear the plaintiffs' application for Rule 60(b) relief.

The Superior Court's order of September 23, 1977, and its summary judgment of November 23, 1977, must therefore be reviewed on the basis of the original complaint and the pleadings and affidavits which were before the Superior Court when it considered the various counts of the complaint in the fall of 1977.

2. *Propriety of Equitable Relief: Counts IV and V; Defendants' Motion to Modify the Record*

Counts IV and V of the complaint allege that the Davidson subdivision violates the minimum-lot-size requirements of the Kittery zoning ordinance effective July 13, 1977. Counts IV and V allege also that the defendant town code enforcement officer, Mr. Rossiter, had a duty to enforce the

ordinance and to notify Davidson Associates of the violation, and that he failed or refused to perform that duty.

■■■■ Under 30 M.R.S.A. § 4963(1) (1978), a zoning board of appeals may hear appeals "from actions or failure to act of the office charged with the enforcement of the zoning ordinance." If plaintiffs' theory is correct, that the 1977 zoning ordinance was applicable to the Davidson subdivision, the Kittery Zoning Board of Appeals was the agency directly charged with authority to review Mr. Rossiter's decisions with respect to applicability of that 1977 ordinance. *Keating v. Zoning Board of Appeals*, Me., 325 A.2d 521 (1974). Since plaintiffs were seeking, in effect, collateral judicial review of the substantive merits of their claims of administrative violation of the 1977 Kittery zoning ordinance, their action for equitable relief was barred by the availability of a direct administrative remedy by means of an appeal to the Kittery Zoning Board of Appeals under 30 M.R.S.A. § 4963, subsecs. (1) & (2) (1978). *Gagne v. Lewiston Crushed Stone Co., Inc.*, Me., 367 A.2d 613 (1976).

Plaintiffs have not alleged any facts tending to show that they were excused, by futility or otherwise, from exhausting that administrative remedy. *Cf. Walsh v. City of Brewer*, Me., 315 A.2d 200 (1974); *Stanton v. Trustees of St. Joseph's College*, Me., 233 A.2d 718, 724 (1967); *Frost v. Lucey*, Me., 231 A.2d 441 (1967). It is therefore unnecessary to consider whether the the 1977 ordinance was applicable to the Davidson subdivision, or whether the February, 1978, amendment of the ordinance may be considered by us on appeal, and, if so, whether it should be regarded as mooting the issues raised by Counts IV and V. We therefore dismiss, as moot, the motion of defendant Planning Board to modify the record by including the amendment of the Kittery zoning ordinance effective March 29, 1978.

3. *Jurisdiction and Standing*

Defendant Davidson Associates has moved in the Law Court to dismiss the

plaintiffs' appeal on two grounds: first, that the judgment of the Superior Court is not reviewable by the Law Court because the Superior Court had no jurisdiction to hear plaintiffs' Rule 80B complaint, and, second, that plaintiffs, having no standing are not parties aggrieved by the judgment of the Superior Court so as to be entitled to appeal pursuant to 14 M.R.S.A. § 1851 (1964).

■ There being no statutory provision authorizing appeal of a planning board's decision to the Superior Court, that court's jurisdiction to review the decision of the Kittery Planning Board pursuant to a complaint filed under Rule 80B, M.R.Civ.P., depends on whether review is "otherwise available by law." [2] Such review is "otherwise available by law" if it would have been available by means of one of the extraordinary writs, which were formally abolished in 1967 by amendment of Rule 81, M.R. Civ.P., and repeal of cognate statutory provisions. *Carlson v. Oliver,* Me., 372 A.2d 226 (1977); 2 R. Field, V. McKusick & L. Wroth, *Maine Civil Practice* 337–41 (2d ed. 1970).

■ Unless review was otherwise provided by statute, the writ of certiorari was an appropriate method until 1967 for reviewing the action of a government agency performing a quasi-judicial function. *Carlson v. Oliver, supra* at 229. The action of the Kittery Planning Board in approving the Davidson subdivision must be characterized as "quasi-judicial" because the Board was required, after due notice to the community under 30 M.R.S.A. § 4956(2) (1978), to find facts and, by applying statutory criteria to those facts, reach a decision affecting specific individual interest. *See Carlson v. Oliver, supra,* at 229; *State Board of Education v. Coombs,* Me., 308 A.2d 582, 584 (1973); *accord, Bienz v. City of Dayton,* 29

Or.App. 761, 566 P.2d 904 (1977). In *Haskell v. Planning Board,* Me., 388 A.2d 100 (1978), a Rule 80B complaint was appropriately used to obtain Superior Court review of quasi-judicial action by a municipal planning board.

In the present case, the main problem with regard to the availability of Rule 80B review arises from the question of plaintiffs' standing. Defendants contend that plaintiffs here were not "parties" to the proceedings before the Kittery Planning Board so as to meet the technical requirement of the former law of certiorari, citing *Lord v. County Comm'rs,* 105 Me. 556, 75 A. 126 (1909).

Defendants' argument is entwined with another contention; namely, that plaintiffs lack "standing" to challenge the actions complained of either by a Rule 80B complaint or by an action in equity other than under Rule 80B. Since we have already concluded that plaintiffs are barred by failure to exhaust their administrative remedies from obtaining equitable relief under Counts IV and V of their complaint, we need consider the question of their standing only in the context of their demand for judicial review under Rule 80B.

The Maine cases elaborating the law of certiorari required that plaintiff be a "party to the record" or be "interested in the subject matter, upon which the record acts." *E. g., Dyer v. Lowell,* 30 Me. 217, 220 (1849). The Advisory Committee's Note to the 1967 amendments of Rule 80B observes that the rule, as amended, was designed to simplify review procedure and do away with technicalities of the old prerogative writs. 2 R. Field, V. McKusick, & L. Wroth, *Maine Civil Practice,* 305–06 (2d ed. 1970). *See Warren v. Waterville Urban Renewal Auth.,* 161 Me. 160, 172, 210 A.2d 41, 48 (1965).[3] However, the basic requirement

---

**2.** The first sentence of Rule 80B provides as follows:

"When review by the Superior Court, whether by appeal or otherwise, of any action or failure or refusal to act by a governmental agency, including any department, board, commission, or officer, is provided by statute or is otherwise available by law, pro-

ceedings for such review shall, except as otherwise provided by statute, be governed by these Rules of Civil Procedure as modified by this rule."

**3.** "Plaintiff's attack upon the findings is in the nature of the erstwhile extraordinary and now regulated certiorari process which has been

cannot be ignored that plaintiffs allege facts sufficient to show that they are "interested in the subject matter" of the hearing before the Board.

■ We cannot determine from the record whether plaintiffs' standing to maintain Counts I, II and III of the original complaint was ever explicitly challenged in the hearings before the presiding justice in the fall of 1977. The presiding justice appears to have assumed that the plaintiffs, or some of them, had a sufficient interest to seek relief under Rule 80B on those counts, which allege errors in the Board's procedure. We cannot say that the Superior Court erred in proceeding on that assumption. The record without the amended complaint does not support an inference that any of the plaintiffs owned property abutting the Davidson subdivision. *Cf. Matter of Lappie*, Me., 377 A.2d 441 (1977). Yet, from scrutiny of the pleadings and affidavits we may infer that at least two of the plaintiffs, Mr. and Mrs. Martin, were residents of the Town of Kittery, owned property on Gerrish Island, participated in the Board's "public hearing" on June 23, 1977, and attended the Board's "open meeting" on June 23 and June 30, at which Mr. Martin requested and obtained permission to speak. On such facts, it was not error for the presiding justice to treat at least those two plaintiffs as having a sufficient interest to maintain an 80B action to remedy the violation of any of their constitutional or statutory due process rights that may have occurred as a result of the procedures followed by the Board. *See Pride's Corner Concerned Citizens Ass'n v. Westbrook Board of Zoning Appeals*, Me., 398 A.2d 415 (1979). They are also parties "aggrieved," entitled to appeal under 14 M.R.S.A. § 1851.

It is not necessary for us to determine whether any plaintiffs besides the Martins have sufficient standing. The Davidson motion in the Law Court to dismiss plaintiffs' appeal must be denied.

happily simplified and lightened by Rule 80B, M.R.C.P. The serviceful utility and the evolved

## COUNTS I, II AND III OF THE COMPLAINT

■ The presiding justice concluded, after study of the pleadings and affidavits and after hearing oral arguments on the motion for summary judgment, that there was no genuine issue as to any material fact with respect to Counts I, II and III. He ruled that on the facts the defendants were entitled to summary judgment as a matter of law. On Counts I and II, he reasoned as follows:

"The record demonstrates that they were permitted to present their testimony to the Planning Board at the public hearing, and were allowed ample opportunity to draw to the attention of the Planning Board any facts or information they had in regard to the proposed subdivision. The minutes of the Kittery Planning Board, dated June 23, 1977, at page 5 demonstrate that the public hearing was not closed until the proceeding reached a point where there were no further questions. None of the Plaintiffs allege or have shown by affidavit that they had additional evidence to present to the Planning Board for its consideration and the record clearly demonstrates that Plaintiffs did not object to the closing of the public hearing. The Plaintiffs do claim that after the public hearing was closed, the Planning Board in a public meeting continued its deliberations, and made inquiry of Mr. Davidson, a representative of L. John Davidson Associates. Inquiries were made of Mr. Davidson by Planning Board members on June 23, and on June 30, 1977 subsequent to the close of the hearing. The Plaintiffs allege that after the public hearing was closed, they were not given another opportunity to 'ask questions, make comments, introduce evidence, or give testimony'. . . .

. . . In view of the fact that the public hearing called by the Planning Board pursuant to Title 30 M.R.S.A. Section 4956 is discretionary with the Planning Board and the obvious purpose of

rationale of certiorari without its technical formularies have been conserved."

the public hearing is to give the public an opportunity to present facts to the Planning Board for its consideration in reviewing the subdivision application and not for the purpose of adjudicating private rights, this court is not convinced that the Plaintiffs were entitled as a matter of law to the opportunity to participate in the deliberations of the Planning Board, once the public hearing was adjourned. . . . It is the opinion of this Court that Plaintiffs . . . were given adequate notice, and an opportunity to participate in the proceeding, and that a fundamentally fair hearing was held by the Kittery Planning Board. What constitutes due process in an administrative hearing, particularly one which is not adjudicating disputes between private parties, but is attempting to gather facts for the review of a subdivision depends primarily upon the nature of the proceedings and the possible burden upon that proceeding. Maine Clean Fuels, Inc. 310 A.2d 736, 747 (Me. 1973)." We concur in the conclusion of the presiding justice and in his reasoning quoted above. *See Portland Pipe Line Corp. v. Environmental Improvement Comm'n*, Me., 307 A.2d 1 (1973).

■ In Count III of the complaint, plaintiffs challenge the Board's decision on the ground that the Board did not make the findings of fact required by the last sentence of subsection 2 of 30 M.R.S.A. § 4956 and by 1 M.R.S.A. § 407. Section 4956(2) required the Board, in issuing its decision, to "make findings of fact establishing that the proposed subdivision does or does not meet the foregoing criteria"—the criteria referred to being those set forth in subsection (3) of section 4956. To the extent of any application it may have in this case, section 407 of title 1 is less specific than section 4956 of title 30 with respect to required findings, and therefore we need to consider only whether the Board met the findings requirements of section 4956.

The Board's findings were not set forth in the manner in which a court would make findings or even in the manner most desirable for an administrative agency to present its findings and rationale. *Cf. Gashgai v. Board of Registration in Medicine*, Me., 390 A.2d 1080, 1084–86 (1978). However, the presiding justice properly concluded that, although the form of the findings was unsatisfactory, the documents before him, in their totality, showed that the Board reviewed the subdivision in light of the applicable criteria and complied substantially with the statutory findings requirement.

Plaintiffs do not complain of the absence of any particular factual finding, nor do they assert that the necessary findings are not supported by evidence. As against such general allegations of insufficiency of factual findings, we cannot rule that the Superior Court erred in ordering summary judgment for defendants on Count III. The record as a whole, including the minutes and decision of the Planning Board, the Board's technical checklist and recorded conditions of approval, and the recorded site location order and findings of fact issued by the State Department of Environmental Protection, shows that adequate findings of fact have been made and are available for public examination so as to satisfy the requirements of 30 M.R.S.A. § 4956(2) and, to the extent it may have application, 1 M.R.S.A. § 407. The Superior Court correctly held that defendants were entitled to summary judgment on Counts I, II and III of the complaint.

The entry is:

Motion of defendant Davidson Associates, filed with the Law Court December 29, 1977, to dismiss the plaintiffs' appeal, denied.

Motion of defendant Kittery Planning Board, filed with the Law Court March 27, 1978, to modify the record, dismissed as moot.

Appeal of defendant Davidson Associates from order of Superior Court filed February 15, 1978, granting plaintiffs' motion to amend complaint, sustained; order vacated.

Motion by plaintiffs, filed with the Law Court February 27, 1978, to remand to Superior Court for ruling on plaintiffs' motion

for relief from judgment under Rule 60(b), denied.

Appeal of plaintiffs from order of Superior Court filed September 23, 1977, dismissing Counts IV and V of the complaint, denied.

Appeal of plaintiffs from judgment of Superior Court filed November 23, 1977, granting judgment for defendants on all claims raised in Counts I, II and III of the complaint, denied; judgment affirmed.

DELAHANTY, J., did not sit.