STATE OF MAINE

KENNEBEC, ss.

WILLIAM C. CHASTEEN
and EDWARD ADKINS,

        Petitioners

      v.

TOWN OF CHINA, *et al.*,

       Respondents

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-45
SKS —KEN— 4/30/2003

DONALD L. GARBRECHT
LAW LIBRARY

**DECISION ON**      MAY 28 2003
**RULE 80B APPEAL**

This matter comes before the court on petition for judicial review of a decision of the Town of China's Planning Board.[1]

## Background

On November 13, 2001, the owners and developers of the remaining unsold lots in the Westwood Shores subdivision in China received final approval of a revision to the subdivision plan concerning the Phosphorous Control Plan ("PCP"). Approval was from the Town of China Planning Board ("Board"). The petitioners, who own property within the subdivision, appealed the Board's decision to the China Board of Appeals ("BOA"). On June 13, 2002, the BOA rendered its decision denying the petitioners' administrative appeal. Petitioners then filed the present appeal.

## Discussion

On appeal, this court independently examines the record and reviews the decision of the municipality for "error of law, abuse of discretion or findings not supported by substantial evidence in the record." *Yates v. Town of Southwest Harbor,*

---

[1] The original appeal asked for the court's review of the decision of the China Board of Appeals in this matter. However, since the Board of Appeals was or should have been operating solely in an appellate capacity, this court will review the original Planning Board decision directly.

2001 ME 2, ¶ 10, 763 A.2d 1168, 1171. Petitioners' first argument is that the Planning Board committed error when it did not review the entire subdivision plan, even though the requested revision was limited to the PCP. Specifically, petitioners point to the fact that several undeveloped lots within the subdivision which met all the requirements at the time the subdivision was originally approved, no longer meet the revised requirement of a minimum of 200 feet of shore frontage. This argument completely ignores chapter 3, section 9.3 of the China Land Development Code, which specifically provides that in the case of revision to an approved plan "The Board's scope of review shall be limited to those portions of the plan which are proposed to be changed except when such changes involve the creation of two (2) or more additional lots and/or units." No additional lots or unit are created by the revised PCP, and the Board committed no error of law in not reviewing other portions of the approved subdivision plan which were not being revised.

Petitioners' second argument is that the Planning Board erred in signing the final plan without surveyor certification of monumentation. China's ordinance requires monuments at all street intersections, all corners and angle points of subdivision boundaries that are less than 135 degree angles and all other boundary corners. However, there was no required monumentation associated with the changes to the PCP and no certification was necessary. The Board committed no error or abuse of discretion by failing to require such certification.

Finally, the petitioners contend that the Board erred by failing to issue specific findings of fact. While it is true that the Board did not specifically list findings of fact titled as such, this lack is not fatal to the decision. The Law Court has examined this precise issue in *Glasser v. Town of Northport*, 589 A.2d 1280 (Me. 1991). The Court stated, "The requirement [of making findings], however, can be satisfied even in the absence of

2

detailed findings as long as "the decision is supportable on the basis of express or implicit findings revealed by the record as a whole." *Valente v. City of Westbrook*, 543 A.2d at 1375; *Cunningham v. Kittery Planning Board*, 400 A.2d 1070, 1079 (Me. 1979) The record in the present case consists of the minutes of the Planning Board at the various meetings at which the issue of the PCP was discussed. Detailed discussions occurred at the meetings of July 10, 2001, August 28, 2001, October 9, 2001, October 23, 2001, and November 13, 2001. These discussions and their record are of sufficient detail that, taken as a whole, they provide an adequate record of the Board's reasons for its decision to provide a basis for appeal. The record also includes substantial evidence that the Board gave major consideration to all the requirements necessary for approval of the revised PCP. *See* record, tabs F-M; meeting minutes. The petitioners have not questioned the sufficiency of the evidence to support the findings as reflected in the record, and this is not considered a grounds for appeal that is being pursued.

Following review of the pleadings and the record, this court finds that the Planning Board committed no error of law or abuse of discretion and, to the extent that the question has been raised, the findings are supported by substantial evidence in the record. Therefore, the entry will be:

Appeal DENIED; decision of the Town of China Planning Board AFFIRMED.

Dated: April 30, 2003

S. Kirk Studstrup
Justice, Superior Court

3

Date Filed __7/22/02__ __Kennebec__ Docket No. __AP02-45__
County

Action __Petition for Review__
80B

**J. STUDSTRUP**

William Chasteen & Edward Adkins    vs.    Town of China & Austin Ogden & Dale

| Plaintiff's Attorney | Defendant's Attorney          McKenney |
|---|---|
| David J. Van Baars, Esq.<br>101 Pleasant Street<br>Brunswick, Maine  04011 | Alton C. Stevens, Esq.<br>44 Elm Street<br>P.O. Box 708<br>Waterville, Maine  04903-0708<br>Clifford H. Goodall, Esq. (Intervenors)<br>61 Winthrop Street<br>Augusta, Maine  04330    (8/1/02)<br>Mary A. Denison, Esq. |

| Date of Entry | |
|---|---|
| 7/22/02 | Petition for Review, filed. s/Baars, Esq. |
| 7/22/02 | Notice of briefing schedule mailed to atty. |
| 8/1/02 | Entry of Appearance, filed. s/Stevens, Esq. |
| | Petition to Intervene Rule 24(A), filed. s/Goodall, Esq.<br>Answer of Intervenors with Affirmative Defense, filed. s/Goodall, Esq. |
| 8/2/02 | Addition to Petition to Intervene, 21 day notice, filed. s/Goodall, Esq.<br>Affidavit of Service, filed. |
| 8/12/02 | Plaintiff's Memorandum in Oppostion to Petition to Intervene, filed.<br>s/Van Baars, Esq. |
| 8/29/02 | Plaintiffs' Motion for Extension of Time to File Brief, filed. s/Van Baars,<br>Esq. (filed 8/27/02)<br>Proposed Order, filed. |
| 8/29/02 | Plaintiff's Motion for Extension of Time with attachment and Proposed<br>Order, filed.  s/D. Van Baars, Esq.    (filed 8/26/02) |
| 9/3/02 | ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME, Studstrup, J.<br>(Nunc pro tunc)<br>Copies mailed to attys of record. |
| 9/12/02 | Defendants' Opposition to Plaintiffs' Motion for Extension of Time,<br>s/Goodall, Esq.  s/Denison, Esq.<br>Motion to Reconsider, filed.  s/Goodall, Esq.  s/Denison, Esq.<br>Proposed Order, filed.<br>Request for Hearing, filed. s/Goodall, Esq.  s/Denison, Esq. |
| 9/13/02 | Plaintiffs' Brief, filed. s/Van Baars, Esq. |
| | Set for hearing 10/8/02 at 10:00am.  Attys notified by telephone. |
| 10/8/02 | Hearing had, Hon. Kirk Studstrup Presiding. (no courtroom clerk)<br>Attorney Van Baars and Mary Dennison present for arguments.  Court to issue<br>orders. |